**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Peggy BARNETT, Defendant–Appellant.**

No. 90–2868.

United States Court of Appeals,
Seventh Circuit.

Argued June 19, 1991.

Decided July 31, 1991.

Larry A. Mackey, Asst. U.S. Atty., Indianapolis, Ind., for plaintiff-appellee.

Jack F. Crawford, Indianapolis, Ind., for defendant-appellant.

Before CUMMINGS, POSNER and COFFEY, Circuit Judges.

CUMMINGS, Circuit Judge.

Peggy Barnett appeals her two-level sentence enhancement for obstruction of the administration of justice pursuant to Sentencing Guideline section 3C1.1. She pled guilty to three counts of mail and wire fraud, 18 U.S.C. §§ 1341–1343, and was sentenced to three concurrent terms of nineteen months in prison.

## FACTS

Peggy Barnett was indicted in May 1989 on five counts of mail and wire fraud arising out of an investment scam. Barnett owned an insurance company in Indianapolis. In March 1988, a co-defendant put Barnett in touch with Ms. Angelina Morosa, of Bakersfield, California, who had received $100,000 in insurance proceeds after her husband died. Barnett persuaded Mo-

rosa to invest the money with her and promised Morosa that she would realize a 150% return every thirty days. When Morosa did not hear from Barnett, she contacted law enforcement officials in Indiana.

On February 8, 1989, postal inspectors first contacted Barnett at her home to ask her about Morosa's money. Barnett reported that she had invested $25,000 of Morosa's money with her "people" in New Mexico. At that time, the inspectors apparently already knew that this was not the case, and they confronted Barnett with their information during the interview. Barnett then admitted that she had lied. In fact, she had given $25,000 to an accomplice and had kept $10,000 for herself, which she apparently used to pay restitution on a prior fraud conviction. Barnett put the rest of the money in her bank account. Barnett memorialized this information in a written confession.

Barnett initially pled not guilty. Before trial, she moved to suppress her written confession on the grounds that the postal inspectors had coerced her into writing it; that they failed to inform her of her *Miranda* rights; and that they dictated the content of the confession to her. At the hearing on the motion, Barnett testified. When the government confronted her with the written confession, which contained detailed *Miranda* warnings, Barnett said she had not read them. The postal inspector who presided over the confession testified that it was standard to have suspects read their *Miranda* waivers aloud, and that, in fact, Barnett had done so. Also, Barnett admitted that the inspectors had not dictated the content of the confession; rather, they suggested an outline.

After the hearing, Barnett withdrew the motion and pled guilty. Both the government and the pre-sentence report recommended a two-level sentence enhancement, pursuant to section 3C1.1, for obstruction of justice. At sentencing, Judge Tinder found that Barnett had lied during the initial investigation when she told investigators that she had invested Morosa's money in New Mexico. Judge Tinder also found that Barnett lied under oath at the suppres-

sion hearing. Thus, he applied the section 3C1.1 two-level enhancement. Judge Tinder did, however, give Barnett a two-level reduction for acceptance of responsibility under guideline section 3E1.1.

## ANALYSIS

 Barnett argues that the trial court erred in applying section 3C1.1.[1] A district court's findings of obstruction of justice under section 3C1.1, as long as they are within the scope of the law, are findings of fact and will not be disturbed unless clearly erroneous. *United States v. Hassan,* 927 F.2d 303, 309 (7th Cir.1991). In addition, district judges, in making these "factbound determinations" are not required to "divorce [themselves] from common sense or to ignore what is perfectly obvious." *United States v. Akitoye,* 923 F.2d 221, 229 (1st Cir.1991). Thus, as in other situations, we respect a trial judge's determinations on credibility of witnesses' testimony. *Hassan,* 927 F.2d at 309.

In the time since the parties briefed this case, we decided *United States v. Fiala,* 929 F.2d 285 (7th Cir.1991), a case directly on point. In *Fiala,* we reversed an enhancement under section 3C1.1 where the trial court had found a defendant's denial of guilt upon being apprehended to be obstruction of justice. Police stopped Fiala on the highway. They asked him if he had anything illegal in the car, and he replied that he did not. The police and Fiala waited an hour-and-a-half for a dog sniffing unit to arrive. On the basis of the dog's reaction to Fiala's car, the police searched it and found a stash of drugs. The trial court enhanced Fiala's sentence under section 3C1.1 because it found that Fiala had obstructed justice when he lied in response to police questioning as to whether there was anything illegal in the car. In reversing the sentence, this Court cited Applica-

tion Note 3 of Section 3C1.1 which states "[a] defendant's denial of guilt is not a basis for application of this provision." *Fiala,* 929 F.2d at 285.

 As in *Fiala,* Barnett's initial statement to investigators "was no more than a denial of guilt, and as such, falls squarely within Note 3's exception to the obstruction of justice enhancement." *Id.* at 290. This seems particularly apt where, as here, Barnett's initial statement did not cause investigators to expend any additional resources on their investigation. Indeed, by the end of the interview, Barnett had confessed and was prepared to give her written statement. In *Fiala,* on the other hand, police expended further efforts due to Fiala's denial of guilt.

As the *Fiala* panel noted, recent amendments to the Guidelines Commentary further support a conclusion that section 3C1.1 does not apply to Barnett's statements to investigators. Note 4 of the amendments to section 3C1.1 explains that "making false statements, not under oath, to law enforcement officers" does not warrant application of a section 3C1.1 enhancement "unless Application Note 3(g) applies." Note 3(g) provides that enhancement is appropriate if a defendant made a "materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation." *Fiala,* 929 F.2d at 290. As a matter of law, Barnett's initial lie cannot be the basis for an enhancement under Section 3C1.1.[2]

 On the other hand, *Fiala's* analysis, as well as the Second Circuit's decision in *United States v. Mantos,* 907 F.2d 274 (2d Cir.1990) (false testimony at suppression hearing is material—obstruction enhancement affirmed), also makes clear that Barnett's second lie, at the suppression hear-

1. Section 3C1.1 states:
 If the defendant willfully impeded or obstructed, or attempted to impede or obstruct the administration of justice during the investigation or prosecution of the instant offense, increase the offense level by 2 levels.

2. The government argues that the Second Circuit's decision in *United States v. Charria,* 919

F.2d 842 (2d Cir.1990), supports a finding of obstruction of justice under the circumstances in this case. However, we note that in *Charria,* the defendant had not only lied to investigators, but had also "burned records." Barnett's actions in this case do not approach those of the defendant in *Charria.*

ing, is subject to section 3C1.1 because Barnett testified falsely under oath. In fact, the guideline commentary specifies that false testimony as to a material fact made under oath is precisely the type of activity that section 3C1.1 contemplates. U.S.S.G. § 3C1.1, Comment. (n. 1(c)). *See also* Amendments to Guideline Commentary, § 3C1.1, Note 4. Judge Tinder found that Barnett's testimony at the suppression hearing was untruthful. This is a finding of fact, reviewable only for clear error. *United States v. Teta,* 918 F.2d 1329, 1332 (7th Cir.1990); *United States v. White,* 903 F.2d 457, 460 (7th Cir.1990); *United States v. Brown,* 900 F.2d 1098, 1103 (7th Cir. 1990).

■ Although one could conclude from the suppression hearing transcript that Barnett simply remembered incorrectly the events during the taking of her confession—the suppression hearing was held over a year after Barnett gave her written confession—there is no indication of clear error in the transcript. Judge Tinder made a credibility determination on the matter which we will not reconsider. *United States v. Hassan,* 927 F.2d 303, 309 (7th Cir.1991); *Brown,* 900 F.2d at 1103.

■ Barnett contends, however, that Judge Tinder failed to make a finding that she had a conscious purpose to obstruct the proceedings, as required by section 3C1.1. In fact, Judge Tinder found as follows:

> While it is the constitutional right of a defendant to exercise the legal proceedings available to them, there is no right to lie in this court . . ., and it is clear that Miss Barnett lied on several occasions in her testimony, in summary, related to whether or not she was advised of her rights and whether she wrote the statement or whether it was dictated to her by the postal inspector.

Specifically, . . . the agent's credibility is in stark contrast to the lack of credibility of the defendant in her testimony in the suppression hearing, and, as such, I'll find that she did obstruct the proceedings.

Barnett urges that we follow the Second Circuit's requirement that the trial court make findings that a defendant had a conscious purpose of obstructing justice, *United States v. Thomas–Hamilton,* 907 F.2d 282 (2d Cir.1990); however, this Court, while agreeing with the Second Circuit analysis, has held that the trial judge need not make that specific finding. *See Teta,* 918 F.2d at 1332–1333.

■ Here Judge Tinder found that Barnett lied and that she "obstruct[ed] the proceedings." This is sufficient under section 3C1.1. *See United States v. Lozoya–Morales,* 931 F.2d 1216, 1219 (7th Cir.1991). While Judge Tinder failed to state specifically that Barnett lied *in order* to obstruct the proceedings, it is clear that he found that Barnett's false testimony resulted in an obstruction of the proceedings. *Teta,* 918 F.2d at 1333. *See United States v. White,* 903 F.2d 457, 462 (7th Cir.1990) (affirming trial judge's finding that defendant's conduct "imped[ed] the [criminal] investigation").[3] This, in conjunction with the guideline commentary specifically approving obstruction enhancements for false testimony of a material nature, allows us to affirm the sentence.[4] However, in the future, district judges should use the specific language of section 3C1.1 to avoid a recurrence of this issue.

AFFIRMED.

---

**3.** Our recent decision in *United States v. Jackson,* 935 F.2d 832, 848–50 (7th Cir.1991), is inapposite. One of the defendants in *Jackson* withheld certain information from government investigators, apparently because they did not specifically ask him to provide it. Later, he voluntarily provided the facts he had kept to himself. We held that under such circumstances his conduct could not be a "willful" obstruction of the investigation. We did not hold that the district court was required to utter the word "willful" in

making its section 3C1.1 findings. Unlike Barnett, the defendant in *Jackson* did not lie under oath. Judge Tinder found that Barnett lied on the witness stand. Such conduct is willful by definition.

**4.** Where an enhancement for obstruction of justice is based on two independent findings and, as here, one is invalid but the other valid, we may affirm. *United States v. Bonds,* 933 F.2d 152 (2d Cir.1991).