**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marlon HAMM, Defendant–Appellant.**

No. 93–1282.

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 29, 1993.

Decided Jan. 12, 1994.

Mark D. Stuaan, Asst. U.S. Atty., Indianapolis, IN (argued), for U.S.

Robert C. Perry, Indianapolis, IN (argued), for Marlon Hamm.

Before BAUER and FLAUM, Circuit Judges, and ROSZKOWSKI, District Judge.*

* Hon. Stanley J. Roszkowski, *District Judge* of the Northern District of Illinois, Western Division,

ROSZKOWSKI, District Judge.

This is an appeal from a sentence of the district court following the defendant's conviction for the January 23, 1992, robbery of the Cosco Credit Union in Columbus, Indiana.

On January 22, 1993, the district court sentenced the defendant to a term of ninety-six months, to be followed by a three year period of supervised release. In addition, the court ordered the defendant to make restitution in the amount of $40,100.00 and pay a special assessment of $50.00.

On appeal, the defendant challenges the district court's interpretation and application of the United States Sentencing Guidelines (U.S.S.G.) which resulted in two separate upward adjustments for (1) bodily injury to the victim, pursuant to U.S.S.G. § 2B3.1(b)(3)(A), and (2) obstruction of justice by the defendant, pursuant to U.S.S.G. § 3C1.1.

The defendant asserts that the district court erred in its interpretation and application of the Guidelines. Specifically, he states: first, that the court misinterpreted the definition of "bodily injury" and second, that the court made an unreasonable application of the obstruction of justice guideline.

The defendant's first contention is that the requirement that a "bodily injury" injury increase must "normally be the type of condition which requires medical treatment." That argument wholly ignores the clear language of § 2B3.1(b)(3)(A) of the Sentencing Guidelines which calls for a two level increase in the Base Offense Level where any victim sustains a "bodily injury." The term bodily injury is defined as follows:

"Bodily injury" means any significant injury; e.g., an injury that is *painful and obvious or* is of the type for which medical attention ordinarily would be sought.

U.S.S.G. § 1B1.1 Comment (emphasis added).

The guideline is clearly worded in the disjunctive. The victim, Mr. Heitman, suffered

sitting by designation.

bumps and bruises and had "the wind knocked out of him" as a result of being hit and knocked down during the course of the robbery. PSR ¶ 14; Tr. vol. 2 at 38. In addition, there is evidence that he sustained a back injury requiring chiropractic treatment. PSR ¶ 14. Mr. Heitman described the robbery as follows: "[s]omebody hit me right here, grabbed the money, and shoved me down right here and took off with the money." Tr. vol. 2 at 12, 14.

Courts have found that "painful and obvious" injuries constitute "bodily injuries" even if the victim does not seek medical attention. Thus, a teller who had her face slapped twice during a bank robbery suffered a "bodily injury." *United States v. Greene*, 964 F.2d 911, 912 (9th Cir.1992); *see also United States v. Isaacs*, 947 F.2d 112, 114–115 (4th Cir.1991). Similarly, a teller who hit her head and hip on a drawer in the course of lying down on the floor during a robbery suffered a "bodily injury." *United States v. Fitzwater*, 896 F.2d 1009, 1012 (6th Cir.1990); *see also United States v. Muhammad*, 948 F.2d 1449, 1456 (6th Cir.1991), *cert. denied*, ── U.S. ──, 112 S.Ct. 1239, 117 L.Ed.2d 472 (1992).

■ We note one recent case which found that the injury did not constitute a "significant injury" for sentencing enhancement purposes which might arguably support the defendant's position. In *United States v. Lancaster*, 6 F.3d 208 (4th Cir.1993), the court held that injury to a security guard who was sprayed in the eyes with mace was not a "significant injury" so as to constitute "bodily injury" for sentencing enhancement purposes. That case is wholly consistent with our finding here. In that case, the government appealed from the district court's refusal to enhance the defendant's sentence. Here the defendant is appealing the district court's enhancement of the defendant's sentence. In either case, the test is the same, namely, whether the finding of the district court was clearly erroneous. In affirming the sentence imposed by the district court, the court said:

> [T]he term "significant injury" by its open-ended nature, cannot be defined with exactitude. Whether an injury is "significant,"

thus, should not be determined by a precise standard meted out at the appellate level and mechanically applied by the district court. Rather, it should be determined by a very factually-specific inquiry which takes into account a multitude of factors, some articulable and some more intangible, that are observable in hearing the evidence presented on the injury. Because the district court hears this evidence, it is by far best-suited to assess these myriad factors and determine whether a "significant injury" has occurred. We as the court of appeals, are in a far less advantageous position to make this determination as we have before us only the written record and this record is often inadequate in conveying many of these factors. As a result of our position, our ability to review the district court's determination of whether a "significant injury" has occurred is quite limited and we will disturb it only when the record reveals that the district court clearly erred. *Isaacs*, 947 F.2d at 114–15.

*Lancaster*, 6 F.3d at 210.

■ As the Fourth Circuit said, whether an injury is "significant" should not be determined by a precise standard, mechanically applied. Instead, the district court is by far best-suited to assess that myriad of factors observable in hearing the evidence presented. We agree, and will not disturb the district court's determination absent a showing that the district court clearly erred. Here, the district court's finding that the injury was painful and obvious is easily supported by the facts and was not clearly erroneous.

■ As to the defendant's contention that the district court erred in its application of the obstructing of justice guideline, we reject the defendant's claim. The district court also increased the defendant's offense level by two pursuant to § 3C1.1 of the Guidelines, entitled "Obstructing or Impeding the Administration of Justice." Section 3C1.1 reads:

> If the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentenc-

ing of the instant offense, increase the offense level by 2 levels.

U.S.S.G. § 3C1.1.

At sentencing the Government argued that the evidence justified an enhancement for obstruction of justice based on either Note 3(b)[1] or Note 3(g)[2] Tr. vol. 5 at 6–7. The court expressed its reliance on the "subornation of perjury" element in this case. The district court remarked at the sentencing hearing:

> Well, we are not going to retry the case here this morning. Regarding this testimony—and I now have my trial notes here—Shelby Mitchner Seniours, I believe her name is, said I have told Hamm I am going to testify. I did this in mid April when he and I were at the trailer. And he wanted me to lie for him and say I drove him. And I said no. He kept asking. He wanted me to talk to his lawyer. I said no, and so on.

> So without going into other witnesses, that was the testimony given at trial and would permit an adjustment for ... obstruction of justice.

Tr. vol. 5 at 9.

Shelby Mitchner Seniours testified on behalf of the government. She stated that some time during the middle of April, 1992, Defendant Hamm asked her to testify that she had followed him from the Benchwarmer tavern to the Cosco parking lot to drop off Teresa Western's car and then drove to other locations with him and Donetta Standafer. Tr. vol. 4 at 367–368. Ms. Seniours testified that she refused to do that, and that Hamm told her if she did he would assist her in obtaining an insurance claim for lost wages by informing the insurance company that she had worked for him as a painter. *Id.* at 368. According to Seniours, Hamm asked her on two other occasions to testify that she was with him on the morning of the robbery. *Id.* at 369. Seniours further stated that on one occasion Hamm asked her if she was ready to go to court and told her that things had

better go right or that she was in trouble. *Id.* at 371–372.

The defendant urges this court to hold that the district court's finding was clearly erroneous by attacking the credibility of the witness, Seniours. He argues that her testimony was directly contradicted by the testimony of another witness and that she was significantly impeached.

██ Courts have consistently held that for the purpose of determining whether sentencing enhancement for obstructing justice was warranted, a finding of fact will not be disturbed unless there is clear error. Thus, a finding that a criminal defendant's testimony at a suppression hearing was untrue will not be reversed unless that finding was clearly erroneous. *United States v. Barnett*, 939 F.2d 405 (7th Cir.1991); *see also United States v. Cherif*, 943 F.2d 692 (7th Cir.1991) *cert. denied,* —— U.S. ——, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992) (Attempting to influence a witness, even though the defendant did not threaten the witness.); *United States v. Powell*, 973 F.2d 885, 893–94 (10th Cir. 1992) *cert. denied,* —— U.S. ——, 113 S.Ct. 1598, 123 L.Ed.2d 161 (1993) (Unlawfully attempting to influence a co-defendant's testimony.); *United States v. Fozo*, 904 F.2d 1166, 1172 (7th Cir.1990); *United States v. Miller*, 874 F.2d 466, 471 (7th Cir.1989); *United States v. Lozoya–Morales*, 931 F.2d 1216 (7th Cir.1991).

██ As the government correctly points out, the government is required to prove sentencing factors under the Guidelines by a preponderance of the evidence. *United States v. Rossy*, 953 F.2d 321 (7th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 1240, 117 L.Ed.2d 473 (1992). Special deference must be accorded to the lower court's credibility determinations because "only the trial judge can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding of and belief in what is said." *Matter of Weber*, 892 F.2d 534, 538 (7th Cir.1989) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 575, 105 S.Ct. 1504,

---

1. Committing, suborning, or attempting to suborn perjury.

2. Providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense.

1512, 84 L.Ed.2d 518 (1985)). The district court's determination that the defendant attempted to suborn perjury by Seniours involved a credibility determination as well as an assessment of the facts, and as such the reviewing court should be "especially disinclined to conclude on the basis of a cold record that the court committed clear error." *United States v. Cherry*, 938 F.2d 748, 758 (7th Cir.1991) (citations omitted). The district court heard the evidence, observed the demeanor of the witnesses and tested their credibility. We cannot say that the court's finding was clearly erroneous. In fact, it is amply supported by the evidence.

We find that the district court's determination that the defendant attempted to suborn perjury by Seniours is supported by the evidence. In addition, we note that further evidence was presented which would have supported a two-level increase under applications note 3(g) if the court had desired to do so. That evidence would have supported a finding that the defendant provided a materially false statement to a law enforcement officer that significantly impeded the investigation or prosecution of the offense. In view of our decision here, however, no further discussion of this point is necessary.

For the reasons stated, the judgment of the district court is affirmed.