53 F.3d 333
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip A. DELUMO, Defendant-Appellant.
 No. 94-1549.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 3, 1995.
 
 Before Pell, Manion, and Rovner, Circuit Judges.
 
 ORDER
 
 1
 After pleading guilty to one count of conspiring to import heroin, the district court sentenced Phillip Delumo to 108 months imprisonment. On appeal, Delumo argues the district court erred by increasing his sentence four levels pursuant to U.S.S.G. Sec. 3B1.1 (a) for being a leader, organizer or manager of the conspiracy.
 
 
 2
 In July 1992, Delumo conspired with Jeannette Schaeffer and "Tony" to arrange for Schaeffer to fly to Bangkok, Thailand, procure heroin, and import the heroin into the United States. Schaeffer flew to Thailand, bought heroin from a person named "George," but was apprehended with a suitcase containing 2,675 grams of heroin on her return by Swiss agents in Geneva. Schaeffer agreed to cooperate with agents.
 
 
 3
 She called Delumo and Tony in Chicago for further instructions, and flew to St. Louis and then to Chicago with the suitcase filled with heroin. Delumo arranged for Oyemade Lanrewaju Lawal to meet Schaeffer in St. Louis and escort her to Chicago. He then met Schaeffer and Lawal at Midway Airport in Chicago, Illinois on September 13, 1994. Schaeffer handed the suitcase filled with heroin to Delumo, Delumo carried the suitcase outside the terminal and placed it in the trunk of his car, whereupon he was arrested by law enforcement agents.
 
 
 4
 Delumo was charged with four counts of drug trafficking. Pursuant to a plea agreement, he pleaded guilty to one count of conspiracy to import kilograms of heroin. The plea agreement stipulated that Delumo was a "leader, organizer, supervisor, or manager of the criminal activity, pursuant to Guideline Sec. 3B1.1(c)," corresponding to a two-level increase of his offense level. The presentence investigation report, however, determined that because the criminal conspiracy involved five or more participants, Delumo was subject to a four-level increase of his offense level pursuant to Sec. 3B1.1(a). The district court agreed with the PSI, noting that the individual identified as "George" in Thailand was the fifth conspirator, and sentenced Delumo to 108 months of imprisonment.
 
 
 5
 On appeal, Delumo argues that the district court erred by increasing his offense level by 4 levels pursuant to Sec. 3B1.1(a). The government concedes that the record provides insufficient evidence for a reasonable person to find that there were five or more participants in the conspiracy, but believes that Delumo may have waived this argument. We review the district court's findings of fact at sentencing for clear error and its interpretation of the sentencing guidelines de novo. United States v. Fones, No. 94-1210, slip op. at 3-4 (7th Cir. Mar. 30, 1995); United States v. Mustread, 42 F.3d 1097, 1103 (7th Cir. 1994). Section 3B1.1 provides for an increase of the defendant's offense level if the defendant played an aggravating role in the crime. The central purpose of Sec. 3B1.1. is to punish a defendant relative to the scope of his criminal operations and his relative responsibility within the criminal organization. Fones, supra at 5; United States v. Dillard, 43 F.3d 299, 306 (7th Cir. 1994).
 
 
 6
 During the sentencing hearing, Delumo objected to the district court's finding that Delumo was in charge of the heroin dealers in Thailand. We construe this to be an objection to whether "George" or other persons in Thailand were participants in the conspiracy. A participant is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. Sec. 3B1.1, Note 1. The record indicates only that Schaeffer purchased drugs from "George" in Thailand. As both Delumo and the government note, there is no evidence indicating whether "George" was involved in the conspiracy to import the heroin into the United States. See United States v. Hamm, 13 F.3d 1126, 1129 (7th Cir. 1994) (sentencing factors must be proved by a preponderance). Because the record does not support the district court's finding that there were five or more participants, we VACATE Delumo's sentence and REMAND to the district court for resentencing.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record