56 F.3d 67
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kirk E. BINTZLER, Defendant-Appellant.
 No. 94-3803.
 United States Court of Appeals, Seventh Circuit.
 Argued April 25, 1995.
Decided May 19, 1995.
 
 Before FLAUM, RIPPLE and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Kirk E. Bintzler pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g), and was sentenced to 75 months in prison. On appeal Bintzler challenges the district court's two-level upward adjustment in his base sentencing offense level under U.S.S.G. Sec. 3C1.1 for obstruction of justice. He also challenges the district court's denial of a three-level downward adjustment in his base sentencing offense level under U.S.S.G. Sec. 3E1.1 for acceptance of responsibility. Because the district court properly determined Bintzler's sentence, we affirm its judgment.
 
 I.
 
 2
 On the evening of March 16, 1994, while leaving Tommy's Tavern at 76th Street and Hampton Avenue in Milwaukee, Wisconsin, Kirk Bintzler was arrested for stealing a Porsche automobile. Car keys found on Bintzler's person pursuant to a search incident to his arrest matched a 1979 green Oldsmobile Cutlass Supreme located in the tavern's parking lot. A search of the Oldsmobile produced a loaded .38 caliber Armscor revolver, a stun gun, and a black leather holster. A woman named Tammy Graves approached the police officers and claimed that she owned the Oldsmobile. Mrs. Graves informed the police that she had given her friend and frequent house guest, Kirk Bintzler, permission to drive the car, and that Bintzler kept his personal belongings in the car. Mrs. Graves denied to the police that she or anyone in her family owned the guns found in the car.
 
 
 3
 On June 14, 1994, a federal grand jury returned an indictment charging Bintzler with two counts of being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g). Count One related to Bintzler's possession of a .38 caliber Manurhin pistol from December 10, 1993, to February 26, 1994.[1] Count Two related to Bintzler's possession of the Armscor revolver located in the March 16 search of Mrs. Graves' Oldsmobile. On August 24, 1994, pursuant to a written plea agreement, Bintzler pleaded guilty to Count One of the indictment in exchange for the dismissal of Count Two.
 
 
 4
 On November 9, 1994, the district court conducted a sentencing hearing. The presentence report prepared by the probation office recommended that the district court enhance Bintzler's base offense level by two levels for obstruction of justice. U.S.S.G. Sec. 3C1.1. The report further recommended no adjustment for acceptance of responsibility. U.S.S.G. Sec. 3E1.1.
 
 
 5
 The evidence supporting the obstruction enhancement came from the testimony of Tammy and Steve Graves that soon after his arrest Bintzler made a series of collect telephone calls to their home seeking to have one of them falsely claim ownership of the Armscor revolver. According to Tammy Graves, Bintzler said it would be awful if he were caught with the gun because he was a felon, and it might be better if somebody else, either Tammy or Steve, owned the gun. At no point, however, did Bintzler tell Tammy directly to claim ownership of the gun, or threaten her to do so. Rather, Bintzler indicated simply that it would help him a great deal if Tammy or another person took responsibility for the gun.
 
 
 6
 Bintzler also had separate telephone conversations with Steve Graves on this subject. Bintzler explained to Steve that the gun was a problem for him because he was a felon and was not supposed to possess a gun. Bintzler suggested that Steve say the gun was his and tell police that the gun was obtained as payment from a truck driver and kept in the trunk of Tammy's Oldsmobile.
 
 
 7
 In the weeks leading up to his sentencing, Bintzler again contacted Tammy Graves. Bintzler told her he had pleaded guilty and was going to have to serve extra prison time because of their conversations about who should own the gun. Bintzler then wrote Tammy a letter dated October 22, 1994, in which he denied that he had obstructed justice and included a sentencing table that highlighted the sentence he could receive for obstructing justice.
 
 
 8
 The base offense level for Bintzler's crime was twenty. U.S.S.G. Sec. 2K2.1(a)(4). The district court found that Bintzler had obstructed justice by attempting to persuade Tammy and Steve Graves to falsely claim ownership of the Armscor revolver. (Tr. 45-46). The court credited Tammy and Steve Graves' undisputed testimony that Bintzler suggested they claim ownership of the gun and provided them with a story to tell police about how the gun was obtained. (Tr. 82-83). The court also found that, in view of his persistent attempts to shift responsibility for the gun from himself to Tammy and Steve Graves, Bintzler had not accepted responsibility for the firearm violation. (Tr. 50-52).
 
 
 9
 The finding of obstruction of justice resulted in a two-level increase in Bintzler's base sentencing level. With a total offense level of 22 and a criminal history category of IV, the range of imprisonment for Bintzler's conduct was 63 to 78 months. The district court gave Bintzler a 75-month term in prison, to be followed by three years of supervised release, and a $1,500 fine.
 
 II.
 
 10
 Bintzler argues that his base offense level should not have been increased for obstruction of justice because there was no evidence that he acted willfully or that his conduct would have impeded the administration of justice if he had been successful. Without the enhancement, Bintzler's total offense level would have been 20, with a sentencing range of 51 to 63 months.
 
 
 11
 Section 3C1.1 provides for a two-level increase "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. Sec. 3C1.1. Examples of obstruction of justice include "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so," and "committing, suborning, or attempting to suborn perjury." U.S.S.G. Sec. 3C1.1, comment. (n.3(a), (b)). The prosecution was required to prove by a preponderance of the evidence that the enhancement was warranted. United States v. Hamm, 13 F.3d 1126, 1129-30 (7th Cir. 1994). We review for clear error the district court's factual determination that Bintzler engaged in obstructive conduct. United States v. Robinson, 14 F.3d 1200, 1203 (7th Cir. 1994); Hamm, 13 F.3d at 1129; United States v. Lawrence, 951 F.2d 751, 756 (7th Cir. 1991). "'A finding of fact is clearly erroneous only if, after reviewing the entire evidence, we are left with the definite and firm conviction that a mistake has been committed."' United States v. Beal, 960 F.2d 629, 632 (7th Cir.), (quoting United States v. Herrera, 878 F.2d 997, 1000 (7th Cir. 1989)), cert. denied, 113 S. Ct. 230 (1992).
 
 
 12
 The record shows that the district court made no mistake in finding that Bintzler engaged in obstructive conduct. The enhancement was amply supported by the undisputed testimony that Bintzler had numerous telephone conversations with two different people suggesting they falsely claim ownership of the firearm he possessed. Though Bintzler claims that he did not act willfully, he never argued at sentencing that his conduct was not willful. In light of the believable testimony of Tammy and Steve Graves, it appears that Bintzler willfully attempted to obstruct justice under section 3C1.1. See, e.g., United States v. Thomas, 11 F.3d 1392, 1400 (7th Cir. 1993); United States v. Caicedo, 937 F.2d 1227, 1234 (7th Cir. 1991); compare United States v. Jackson, 935 F.2d 832, 849-50 (7th Cir. 1991). That actual prejudice to the government was not shown does not alter our conclusion. Section 3C1.1 calls for an enhancement not only when a defendant actually obstructs justice, but also when he attempts to obstruct justice. United States v. Francis, 39 F.3d 803, 811-12 (7th Cir. 1994) (collecting cases).
 
 
 13
 Bintzler also argues that his base offense level should have been decreased by three levels for acceptance of responsibility because he pleaded guilty in a timely fashion, did not threaten any potential witness in the case, and did not cause the government to prepare for trial. According to Bintzler, "merely hinting that someone else take responsibility for the possession of the pistol without any accompanying threats or overt actions should be one of those extraordinary situations where both adjustments [under sections 3C1.1 and 3E1.1] could apply."[2] With the adjustment, Bintzler's total offense level would have been 19, with a sentencing range of 46 to 57 months.
 
 
 14
 Section 3E1.1 provides that a defendant is entitled to a two-level reduction in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. Sec. 3E1.1(a). An additional one-level reduction is warranted if he assists authorities in the prosecution of his own misconduct by timely informing the government of his involvement in the offense or by timely notifying authorities of his intention to enter a guilty plea. U.S.S.G. Sec. 3E1.1(b). When the defendant has properly received an enhancement in offense level under section 3C1.1 for obstructing justice, the presumption is that he has not accepted responsibility so as to qualify for a reduction. United States v. Larsen, 909 F.2d 1047, 1050 (7th Cir. 1990). Application Note 4 to section 3E1.1 states that, as a general matter, conduct resulting in an enhancement for obstruction of justice indicates that the defendant has not accepted responsibility for his offense. U.S.S.G. Sec. 3E1.1, comment. (n.4). The note states further, however, that "[t]here may ... be extraordinary cases in which adjustments under both Secs. 3C1.1 and 3E1.1 may apply." Id.; see United States v. Jones, 983 F.2d 1425, 1434 (7th Cir. 1993). The court's determination that Bintzler did not accept responsibility for his criminal conduct is a factual finding that we review for clear error. United States v. Pitz, 2 F.3d 723, 732 (7th Cir. 1993), cert. denied, 114 S. Ct. 2141 (1994); Jones, 983 F.2d at 1434; United States v. Bafia, 949 F.2d 1465, 1476 (7th Cir. 1991), cert. denied, 112 S. Ct. 1989 (1992). Bintzler bore the burden of proving by a preponderance of the evidence that he was entitled to a reduction in offense level. United States v. Robinson, 20 F.3d 270, 273 (7th Cir. 1994); United States v. Skinner, 986 F.2d 1091, 1100 (7th Cir. 1993).
 
 
 15
 The record provides no support for a downward adjustment based on acceptance of responsibility under section 3E1.1. As the district court found, Bintzler's suggestion that Tammy and Steve Graves say the gun was theirs went beyond a false denial of guilt to an affirmative shift of his own criminal liability and was inconsistent with any purported acceptance of responsibility. Other factors also undercut his claim for a Sec. 3E1.1 adjustment. For example, Bintzler's admission of guilt came only after he tried to avoid culpability by asking Tammy and Steve Graves to claim the gun. Also, Bintzler's criminal behavior ceased only after he was arrested and prosecuted. Bintzler has simply failed to explain why this case was extraordinary, and there appears to be no good reason for placing it in that category. See United States v. Curtis, 37 F.3d 301, 309 (7th Cir. 1994), cert. denied, 115 S. Ct. 1110 (1995); United States v. Emenogha, 1 F.3d 473, 482 (7th Cir. 1993), cert. denied, 114 S. Ct. 901 (1994); Jones, 983 F.2d at 1434; compare United States v. Lallemand, 989 F.2d 936, 938 (7th Cir. 1993).
 
 III.
 
 16
 For the foregoing reasons, we conclude that the district court acted properly when it granted Bintzler an enhancement under section 3C1.1 and denied him a reduction under section 3E1.1. Accordingly, Bintzler's sentence is AFFIRMED.
 
 
 
 [1]
 The facts surrounding this count are contained in the presentence report. In August 1993, Bintzler's friend, Marianne Kutz, bought the .38 caliber Manurhin pistol from Jay's Sports in Menomonee Falls, Wisconsin. In December 1993, Kutz sold the gun to Bintzler, who gave her a receipt containing a false name, false birth date, false address, and false driver's license number. From December 1993 until February 1994, numerous witnesses stated that they saw Bintzler in possession of the pistol
 
 
 [2]
 Bintzler offers no case support for the proposition that the absence of threats or overt acts makes an ordinary case extraordinary. In addition, it would seem that his telephone calls and letter to Tammy and Steve Graves qualified as overt acts. See United States v. Shoulberg, 895 F.2d 882, 885 (2d Cir. 1990) (drawing on general criminal law principles to find that an attempt to obstruct justice under U.S.S.G. Sec. 3C1.1 contains an overt act requirement)