# In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 02-1262

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

RICHARD OWENS,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Northern District of Indiana, Fort Wayne Division.
No. 1:00-CR-34—**William C. Lee**, *Chief Judge.*

---

ARGUED SEPTEMBER 10, 2002—DECIDED OCTOBER 22, 2002

---

Before COFFEY, ROVNER, and WILLIAMS, *Circuit Judges.*

COFFEY, *Circuit Judge.* Defendant-Appellant Richard Owens ("Owens") appeals his sentence imposed after a jury found him guilty of armed robbery of a credit union in Fort Wayne, Indiana on April 11, 2001. Owens argues that the sentencing judge erred in imposing two upward adjustments: one for Owens' "aggravating role" in the crime as an "organizer, leader, manager, or supervisor" of the robbery, and the other for "obstruction of justice" by giving false information to an investigation officer in an attempt to send the police on a wild goose chase. Owens also claims the judge erred in sentencing him at the high end of the sentencing range because of the district judge's own (alleged) beliefs about the inadequacy of the Sen-

tencing Guidelines. We affirm. Owens does not dispute, and hence we need not address, the issue of whether he was armed during the commission of the offense.

## I.  FACTUAL BACKGROUND

At approximately 4:00 p.m. on June 22, 2001, an African-American man wearing a fake beard, sunglasses, work boots, a reflector vest (similar to those worn by highway workers) and an orange hardhat walked into the Three Rivers Credit Union in Fort Wayne, Indiana with a gun in his right hand. The oddly costumed individual, observed by witnesses carrying two duffel bags along with the dangerous weapon, approached the tellers and demanded that they fill the bags with money. After obtaining his loot, he fled the scene in a white Plymouth Sundance, with an alert off-duty police officer in hot pursuit. After a brief chase, the suspect abandoned the vehicle and ran into a nearby wooded area, leaving behind two duffel bags full of money in the car with the fake beard and the orange hardhat. The suspect also left behind clear footprints of work boots in the muddy ground. The sunglasses and construction vest he wore at the time of the robbery were later discovered nearby.

Owens testified that on the day of the robbery, he had been a passenger in a car driven by Ronald Fowlkes ("Fowlkes") and James David Thompson ("Thompson"). Owens claimed at trial that while a passenger in the car that day, Fowlkes had invited him to participate in a bank robbery, but that he refused and demanded to be let out of the car. According to Owens, after Fowlkes stopped the car, Owens exited the vehicle and made his way to a nearby gas station and asked to use the telephone. Pursuing police officers came upon Owens in the gas station, and after observing that he matched the description of the bank robbery suspect and that his work boots were cov-

ered with fresh mud, they arrested him. The defendant (who is black) protested to the officers, claiming that his car had just been stolen by a black man wearing a construction vest and an orange hardhat and that he had only come to the station to call police. A detective who interviewed Owens shortly after his arrest filled out a stolen vehicle report on the basis of this story, complete with a description of the alleged car thief, which was subsequently signed by Owens himself. After he was taken into custody, Owens was brought back to the credit union (crime scene), whereupon he was identified by several eyewitnesses.

On April 11, 2001, a jury found Owens guilty of the bank robbery. He was sentenced on November 15, 2001 to a term of 151 months in prison. The sentencing judge, while using the 2001 edition of the United States Sentencing Guidelines, found his total offense level to be 31 and determined his criminal history category to be two. The judge in sentencing included a two-level upward adjustment under § 3B1.1(c) (for defendants with an "aggravating role" who "organize, lead, manage, or supervise" the criminal activity) and another two-level upward adjustment under § 3C1.1 (for defendants who obstruct justice). The judge noted that the guidelines' sentencing range was from 121 to 151 months, and that he was "going to sentence [Owens] at the high end of the guidelines. I think that bank robbery sentences are the only sentences under the Guidelines that are not adequate . . . ."

## II.  DISCUSSION

### A.  The Aggravating Role

Whether a defendant had an "aggravating role" under U.S.S.G. § 3B1.1 is a "fact question for the sentencing court to resolve, and we will not disturb it absent a showing of clear error." *United States v. McKenzie*, 922 F.2d

1323, 1329 (7th Cir. 1991). This standard of review makes clear that we may not hold that the trial judge erred unless we are of "the definite and firm conviction that a mistake has been committed." *United States v. Brown*, 900 F.2d 1098, 1102 (7th Cir. 1990) (quotations omitted).

At trial, the prosecution offered the testimony of Owens' two co-defendants, Fowlkes and Thompson, as proof that Owens was the leader of the group. Contrary to Owens' statements, Fowlkes and Thompson stated that Owens had recruited them (Fowlkes and Thompson), and thereafter met with them to plan the robbery, chose the financial institution to be robbed, gave each of them directions as to what part they were to play in the robbery scheme, and devised a plan to distribute the money they secured. Given these facts, which the jury must have found to be persuasive, we are convinced that it was not clearly erroneous for the judge thereafter to enhance Owens' sentence two points for his "aggravating role" in "organiz[ing], lead[ing], manag[ing], or supervis[ing]" the operation.

## B. Obstruction of Justice

We review *de novo* the question of whether the district court made the appropriate findings to support an obstruction of justice enhancement under U.S.S.G. § 3C1.1. We review the district court's underlying factual findings for clear error. *See United States v. Carrera*, 259 F.3d 818, 831 (7th Cir. 2001).

The sentencing judge, in support of his imposition of the two-level adjustment for obstruction, stated the following:

> [T]here was a long, in my judgment, fabricated story that Mr. Owens told. And the record is clear on all the details of that. And I remember at the time thinking that if this story was believable, you would have to believe that a person robbed the bank wearing bright

> orange construction clothing, managed to find and steal Owens' car after the robbery, park it on Rabus Road, run through a field, and wind up near the Gillum residence. I found that a bit far-fetched. And apparently the jury did, too. So that's the basis upon which the obstruction of justice was assessed and so I adopt the probation officer's conclusion on that issue also.

The "fabricated story" to which the judge is referring is the statement that Owens supplied to the police shortly after his arrest, in which he alleged that a black man wearing a construction vest and an orange hardhat had stolen his vehicle. False statements made to law enforcement officers, even though they are not made under oath, may warrant application of the two-level enhancement under U.S.S.G. § 3C1.1 if the trial judge considers them to be "material" and that they "significantly obstructed or impeded the official investigation or prosecution of the instant offense." *See* U.S.S.G. § 3C1.1, App. Note 4(g).

Owens argues that his fabricated story did not "significantly" obstruct or impede the investigation, thus he should not be penalized for actually obstructing justice. The law in this circuit is clear, however, that *actual* prejudice to the government resulting from the defendant's conduct is not required. *See United States v. Nobles*, 69 F.3d 172, 192 (7th Cir. 1995) (holding that the defendant's "ultimate lack of success for obstructing justice will not relieve his responsibility for his attempt to do so"). Owens' tale to the police that his car had been stolen by a man dressed in clothing and a disguise identical to those of the bank robber was clearly an attempt, early on in the police investigation, to lead them on a "wild goose chase." The fact that the government's investigative efforts were not ultimately frustrated by Owens' perversion of the truth should not become a boon for the defendant. *See United States v. Kroledge*, 201 F.3d 900, 906-07 (7th Cir. 2000); *United States v. Wells*, 154 F.3d 412, 414-15 (7th Cir. 1998).

The enhancement of Owens' sentence under U.S.S.G. § 3C1.1 for obstruction of justice may be upheld on another basis; namely, that during his trial testimony, Owens denied (under oath) that he told the police someone dressed like the bank robber had stolen his car the day of the heist. We have previously held that where a defendant "gives false testimony concerning a material matter with the intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory" an enhancement under U.S.S.G. § 3C1.1 may be upheld. *Nobles*, 69 F.3d at 192.

The sentencing judge clearly found that Owens' denials certainly were false, stating that "the record was clear on all the details" of Owens' "fabricated" and "far-fetched" story to the police, noting that the jury found it—and his denials at trial—incredible as well. Owens' statements were also obviously "material," as that term is defined under Application Note 6 of U.S.S.G. § 3C1.1 (explaining "material information" as information which, "if believed, would tend to influence or affect the issue under determination"). There was also no doubt as to Owens' intent to provide his false testimony, and Owens does not argue that his denials of his statements to police were the result of "confusion, mistake, or faulty memory." Thus, as Owens' denials while under oath at trial clearly amounted to "false testimony concerning a material matter with the intent to provide false testimony," we conclude that the trial judge did not err in adopting the "probation officer's conclusion" that a § 3C1.1 enhancement was warranted and assessing a two-level enhancement for obstruction of justice. *See Nobles*, 69 F.3d at 192. While we note that the sentencing judge could have been more articulate and specific in his findings justifying the enhancement, we refuse to conclude that his findings touching on the essential elements of the perjury charge were insufficient. *See, e.g., Carrera*, 259 F.3d at 831 (holding that

while the district judge did not make specific findings as to a perjury charge, it was sufficient for the judge to have made findings which "did encompass falsity, willfulness, and materiality").

We thus agree with the sentencing judge's two-level enhancement under § 3C1.1 because (1) Owens' pre-trial statements to the police were an attempt to waste valuable police resources by setting the police on a wild goose chase for a helmet-clad car thief who did not exist; and (2) his denials while testifying under oath at trial amounted to "false testimony concerning a material matter with the intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory."

## C. High-End Sentencing

Under 18 U.S.C. § 3742(a), a defendant may seek appellate review of his sentence in any of four circumstances: (1) when it was imposed in violation of law; (2) when it was imposed as a result of an incorrect application of the sentencing guidelines; (3) when it exceeded the sentence specified in the applicable guideline range; or (4) when it was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable. "Absent an error of law or misapplication of the guidelines, this court lacks jurisdiction to review sentences within the applicable guideline range." *United States v. Jefferson*, 252 F.3d 937, 943 (7th Cir. 2001). With the observation that the Sentencing Guidelines were "inadequate" with respect to bank robbery, the court was arguably simply "attempting to impress the defendant with the gravity of the criminal law and the seriousness of the offense." *United States v. Lopez*, 974 F.2d 50, 52 (7th Cir. 1992). In any event, the sentencing judge clearly did not run afoul of 18 U.S.C. § 3742(a), and thus we refuse to entertain Owens' argument about the propriety of his sentence in this respect, as the court lacks jurisdiction.

## III.  CONCLUSION

The sentence imposed by the district court is hereby AFFIRMED.

A true Copy:

      Teste:

 

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*