In the

# United States Court of Appeals

### For the Seventh Circuit

_____

No. 07-3700

PAUL C. WOZNY,

*Petitioner-Appellant,*

*v.*

GREGORY GRAMS, Warden,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 05-C-739—**Rudolph T. Randa**, *Chief Judge.*

_____

ARGUED MAY 8, 2008—DECIDED AUGUST 21, 2008

_____


Before COFFEY, RIPPLE, and KANNE, *Circuit Judges.*

COFFEY, *Circuit Judge.* On March 6, 2002, Paul Wozny was charged with and entered a plea of no contest to three sexual offenses involving children and was sentenced to a term of 25 years' imprisonment and 45 years' extended supervision in a state court proceeding. After exhausting his state remedies, Wozny petitioned the United States District Court for the Eastern District of Wisconsin for a writ of habeas corpus under 28 U.S.C.

§ 2254, arguing that his pleas should have been vacated because they were not knowingly, voluntarily, and intelligently entered. Because the district court correctly determined that the state court reasonably applied federal law, we affirm.

**Background**

In September 2001, three young children (all age 12) told detectives from the Walworth County, Wisconsin, police department that Wozny had sexually assaulted them on multiple occasions during camping trips. As a result, Wozny was arrested and charged with nine sexual offenses in Walworth county. In March 2002, Wozny pleaded no contest to one count of having sexual contact with a person under thirteen, one count of causing a child to expose a sex organ, and one count of having sexual contact with a person under age thirteen on at least three occasions. Wozny's plea agreement provided that seven uncharged offenses from Jefferson county would be dismissed and the matters barred from further prosecution provided that the offenses were read into the court record and considered at sentencing. Wozny entered pleas of no contest and, as heretofore stated, was sentenced to twenty-five years' imprisonment. The remaining charges were read into the record, considered by the court, and later dismissed.

At Wozny's plea hearing, the court reviewed the crimes charged and explained to him the rights he was giving up. The judge then asked Wozny's trial counsel whether the charges from Jefferson county were to be read in. Counsel

replied, "They are to be dismissed and read-in, correct." The judge then asked Wozny if that was his understanding, to which he replied, "Yes, sir." The judge also asked the defendant if he understood that "I am not bound by any promises or threats anyone may have made to you?" the defendant replied, "I understand." The judge then read the charges into the record and Wozny entered a plea of no contest. Judge Gibbs then stated:

> By entering your pleas, you're giving up certain Constitutional rights; these include your right to a trial, the right to remain silent and understand that your silence cannot be used against you at trial, the right to testify and present evidence at trial, the right to use subpoenas and require witnesses to come to court and testify for you, the right to a jury trial where all twelve jurors would have to agree unanimously, the right to confront the witnesses against you and the right to make the State prove you guilty beyond a reasonable doubt; do you understand that you're giving up those rights?

To this question Wozny replied, "I do." The judge then asked the defendant, "Did you sign [the plea agreement] after you read and understood everything in this form?" Wozny answered, "Yes, sir." The judge asked, "Do you have any questions of me," to which Wozny answered, "No." The judge then asked Mr. De La Rosa, Wozny's attorney, "Are you satisfied your client freely, willingly, and voluntarily enters his plea?" Mr. De La Rosa responded, "Yes." The judge asked, "Will your [sic] stipulate that the complaint sets forth a sufficient factual basis for

findings of guilt?" Mr. De La Rosa answered, "So stipulated." The judge then stated

> On this record, I will find that the defendant freely, willingly, and voluntarily enters his plea. I'll find that a factual bases [sic] exists, and I'll adjudge the defendant guilty of counts 2, 4 and 7. I'll dismiss and read-in the remaining counts in 01-CF-394 [state court case number], and await a read-in list or whatever charges were to be read-in.

To determine the exact sequence of events that took place at the sentencing hearing of April 25, 2002, we review the official court transcript from Wozny's sentencing hearing. During the hearing, Judge Gibbs, referring to the crimes before him, stated "[d]ismissed and read-in are two counts of First-Degree Sexual Assault of a Child, four counts of Causing a Child to Expose a Sex Organ. There were other sexual assaults which took place in Jefferson County, and those, ah, are to be considered here today. I think they've been dismissed in Jefferson County." He noted that Wozny had "assaulted several boys several times." Judge Gibbs also considered the fact that these assaults had taken place over a two year period and that Wozny got the children not to tell anybody by "taking them places and buying them things." The judge noted that Wozny had used his position of trust as a Boy Scout leader to "manipulate the boys and satisfy his own desires." The judge also noted that Wozny failed to take responsibility for his actions following his arrest. The judge specifically noted that Wozny had lied throughout the entire process and that the defendant claimed that

the boys fabricated the story. Judge Gibbs also took notice that this was ongoing, serial (multiple) conduct. The judge was deeply troubled by the way Wozny had wormed his way into the victims' families and how he had taken advantage of that relationship.

On February 11, 2003, nearly ten months after sentencing, Wozny, represented by substitute counsel, moved to withdraw his pleas of no contest. He then claimed, contrary to the court record, that at the time of sentencing he did not understand the elements of the offenses and that his pleas were, therefore, not knowingly and voluntarily made. Wozny also alleged that the trial court failed to inform him that it was not bound by the plea agreement. Additionally, Wozny attacked the reading-in of the remaining charges.

The trial court held a hearing on Wozny's postconviction motion. During that hearing, Wozny testified that his trial counsel urged him to plead because he felt he had a "hopeless case . . . and would go to prison for a very long time." According to the defendant's version of the plea questions, he now states that he did not read the plea agreement before signing it and counsel never discussed the elements of the offenses with him in spite of his statements to the contrary at the plea hearing. Wozny also claimed ignorance of the consequences of pleading no contest.

During cross-examination at the postconviction motion hearing, the district attorney read from the transcript of Wozny's plea hearing. At that hearing the judge asked Wozny, "Do you understand that I am not bound by any

promises or threats anyone may have made to you," to which Wozny replied, "I understand." Wozny acknowledged that he made the statement, but maintained that he did not understand that this meant the judge was not bound by the plea agreement. During the plea hearing the judge also asked, "Did [counsel] explain to you all the elements of each of these offenses . . . [and] are you satisfied that the state could prove those beyond a reasonable doubt?" Wozny replied, "Yes, sir." But during the postconviction hearing Wozny contradicted that plea hearing testimony, stating instead that he really had not understood and that his lawyer instructed him to simply agree with anything the court asked. Wozny also acknowledged that he had not proclaimed his innocence at sentencing and, instead, had actually apologized to the victims. Finally, the state presented the postconviction court with a copy of Wozny's signed plea agreement, which specified that Wozny had reviewed and understood the entire document.

Wozny's trial counsel also testified during the postconviction hearing. According to counsel's testimony, Wozny was more intelligent and educated than the average criminal defendant. Although counsel could not remember whether he had read the entire plea agreement to Wozny "word-for-word," counsel remembered conveying the substance of the agreement to him. Counsel also stated that he discussed the elements of each offense with Wozny and stated that Wozny had understood them.

The postconviction judge began by stating that "[t]here was some confusion at the top about whether there was

going to be a read-in or whether it was going to be an outright dismissal." Judge Gibbs continued, stating "it's never even crossed my mind to punish someone for a read-in from something on an out-of-county charge, and that certainly wasn't the case here." Next, the court recounted having advised Wozny that it was not bound by any promises, including those set forth in the plea agreement. The court also observed that Wozny could not "have been blindsided" by the sentence because it was twenty years below what the state had asked for. The court made clear that it felt that Wozny was an intelligent man and made note that he had negotiated downward with the prosecutor and received the benefit by reducing the potential sentence from 300 years to 150 years. The state asked for a further reduction to forty-five years and Wozny received only twenty-five years of confinement. Additionally, the court explained that it was not necessary to go in depth about the elements that Wozny pleaded to because it had received assurances from both counsel and the defendant that he, Wozny, understood them. Finally, the court noted Wozny's professed understanding of each individual right he waived by pleading no contest. The court concluded that Wozny had knowingly and voluntarily entered his pleas, and therefore denied his motion to withdraw them. The Wisconsin Court of Appeals also denied the postconviction motion, and the Supreme Court of Wisconsin denied review.

Wozny next filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, again disputing the voluntariness of his pleas, but also claiming that his trial counsel had rendered ineffective assistance. The district court con-

cluded that Wozny had procedurally defaulted his attack on counsel. It then determined that the state courts' decision denying collateral relief on the voluntariness of Wozny's pleas was not objectively unreasonable. The district court denied his petition, but certified Wozny's attack on his pleas for appeal.

### Analysis

Wozny, attempting to cover all bases, contends that he did not knowingly and voluntarily plead no contest to the criminal charges and, thus, that he was deprived of due process. The Supreme Court has noted that a plea "operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.'" *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). The Court has also noted that the voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749; *see also United States v. Sura*, 511 F.3d 654, 659 (7th Cir. 2008); *United States v. Gilliam*, 255 F.3d 428, 433 (7th Cir. 2001). To determine if Wozny's no contest plea was entered knowingly and voluntarily, we review the decision of the Wisconsin Court of Appeals, the last state court to rule on the merits of Wozny's claim. *Simelton v. Frank*, 446 F.3d 666, 669-70 (7th Cir. 2006).

This court reviews "the district court's findings of fact for clear error and its legal conclusions, as well as mixed

questions of law and fact, *de novo.*" *Rizzo v. Smith*, 528 F.3d 501, 505 (7th Cir. 2008). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a federal court may issue a writ of habeas corpus only if the decision of the last state court to examine the merits of the petitioner's claim was (1) "contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Our court has held that the question of whether a plea of guilty is entered knowingly, intelligently and voluntary is a mixed question of law and fact "that requires the application of legal principles to historical facts." *Nash v. Israel*, 707 F.2d 298, 301 (7th Cir. 1983). Although the district court was required to accord a presumption of correctness to the state courts' findings of fact, the district court was not bound by the state courts' legal conclusion that Wozny's plea of guilty was entered knowingly with the advice of competent counsel. *See Sumner v. Mata*, 455 U.S. 591, 597 (1982) (per curiam). "It [was] the district judge's duty to apply the applicable federal law to the state court fact findings independently." *See Townsend v. Sain*, 372 U.S. 293 (1963).

In this case, Wozny argues that the state court's finding that his plea was made knowingly and voluntarily was erroneous. Regardless of whether Wozny's claim raises an issue of "pure fact, pure law, or a mixed question of law and fact, we are required under the AEDPA to review

the state court's adjudication on the merits of his claim deferentially and set the decision aside only if the court committed unreasonable error." *Ward v. Sternes*, 334 F.3d 696, 704 (7th Cir. 2003). Unreasonableness "serves as the touchstone against which state court decisions based upon determinations of fact in light of the evidence presented are evaluated. 28 U.S.C. § 2254(d)(2). As this court explained in *Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003),

> As is the case under section 2254(d)(1), a petitioner's challenge to a decision based on a factual determination will not succeed if the petitioner merely evidences that the state court committed error. Instead, he must further establish that the state court committed unreasonable error. And, section 2254(d)(1) provides a mechanism by which the petitioner can prove that unreasonableness. If the petitioner can show that the state court determined the underlying factual issue against the clear and convincing weight of the evidence, the petitioner has not only established that the court committed error on reaching a decision based on that faulty factual premise, but has also gone a long way towards proving that it committed unreasonable error. A state court decision that rests upon a determination of fact that lies against the clear weight of the evidence is, by definition, a decision so inadequately supported by the record as to be arbitrary and, therefore, objectively unreasonable.

*Id.* at 703-04.

Wozny initially contends that his pleas were not knowing and voluntary because he never admitted guilt,

but instead maintained his innocence throughout the state proceedings. Plea agreements are "contracts that must be fulfilled." *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006). For that reason, defendants "cannot obtain relief by the expedient of contradicting statements freely made under oath, unless there is a compelling reason for the disparity." *Nunez v. United States*, 495 F.3d 544, 546 (7th Cir. 2007). In this case, Wozny entered a plea of no contest to the charges and "[b]y pleading no contest, a defendant impliedly admits all allegations in the indictment." *Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). Additionally, it should be noted that during postconviction proceedings, Wozny stated that he apologized to the victims at his sentencing hearing. The apology was thus an explicit acknowledgment of responsibility for the offenses, which is far from maintaining his innocence as Wozny contends.

Wozny next claims that his pleas were unknowing and involuntary because neither counsel nor the trial court explained the elements of the crimes to him. Specifically, Wozny contends that no one told him that the contact with the victims must have been for the purpose of sexual arousal or gratification. This argument stems exclusively from Wozny's testimony at the postconviction hearing. But the trial court discredited the testimony of the defendant and his counsel because it contradicted the statements by both counsel and Wozny at the plea hearing. *See Singh v. Gonzales*, 487 F.3d 1056, 1060 (7th Cir. 2007) (noting that earlier sworn statements "cannot be set aside the moment the oath-taker alleges that he did not understand").

Wozny also argues that his pleas were involuntary and unknowing because they were entered seven days before trial was scheduled to begin. At the postconviction motion hearing, Wozny was asked how long he had to respond to the state's offer. Wozny replied, "Almost overnight." But, aside from asserting generally that this was a "rushed proceeding," Wozny does not explain how more time would have helped him. The time Wozny had to consider the plea agreement is immaterial to the question of whether his pleas were knowing and voluntary. Because the petitioner has failed to demonstrate that the timing of his pleas rendered them involuntary, this court must uphold the state courts' determination that they were voluntary. *See United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007) (noting that the proximity of the plea agreement to trial is "irrelevant" so long as the defendant understood and voluntarily entered into it); *see generally Galbraith v. United States*, 313 F.3d 1001, 1006 (7th Cir. 2002) ("A plea is voluntary when it is not induced by threats or misrepresentations, and the defendant is made aware of the direct consequences of the plea . . . [a] plea is knowing and intelligent when the defendant is competent, aware of the charges and advised by competent counsel.") (internal citations omitted).

Wozny next complains that he was never informed about the possibility of an *Alford* plea, *see North Carolina v. Alford*, 400 U.S. 25 (1970), and now suggests that he "was really trying to enter an *Alford* type plea." This assertion has no support whatsoever in the record. Moreover, Wozny affirmed both on the plea agreement and in open court that he never contested having committed the crimes.

Thus, whether he was told of the existence of an *Alford* plea has no bearing on his admission of guilt. *See Hugi v. United States*, 164 F.3d 378, 382 (7th Cir. 1999).

Finally Wozny makes much over the confusion about whether the additional state charges would be read-in and dismissed or dismissed outright. But the trial court stated it did not factor those extra counts in determining Wozny's sentence; accordingly, it is hard to see how that confusion affected him in any way.

Furthermore, based on the record before us and because the state courts' denial of Wozny's motion for postconviction relief was not objectively unreasonable, we affirm the district court's denial of Wozny's petition under 28 U.S.C. § 2254.