NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 5, 2013
Decided April 8, 2013

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 12-2559 | Appeal from the United States District Court for the |
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Northern District of Illinois, Eastern Division. |
| *v.* | No. 11 CR 233–1 |
| CHRISTOPHER CONSAGO, *Defendant-Appellant.* | Joan B. Gottschall, *Judge.* |

**O R D E R**

Christopher Consago pleaded guilty to bank robbery, *see* 18 U.S.C. § 2113(a), after he entered a bank in Chicago with his face covered by a black scarf, demanded that the tellers stay quiet and give him all their money, and stole $8,588. Although Consago's newly appointed lawyer asserts that the defendant pleaded guilty without a plea agreement, the parties did alert the district judge to "small agreements" during the plea colloquy: The government would not argue for a sentence above the imprisonment range calculated by the probation officer, and Consago would be free to argue for a sentence below the range. Based on Consago's prior convictions for thirteen other robberies, including eight banks, the

district court classified him as a career offender under the guidelines. *See* U.S.S.G. § 4B1.1. The district judge calculated an imprisonment range of 151 to 188 months and sentenced Consago to 151 months. He filed a notice of appeal, but his lawyer has concluded that the possible appellate claims are frivolous and seeks to withdraw under *Anders v. California*, 386 U.S. 738, 744 (1967). Consago has not responded to counsel's motion. *See* CIR. R. 51(b). We confine our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Consago has told counsel that he wants to challenge his guilty plea, so the lawyer first evaluates the possibility of contesting the adequacy of the plea colloquy or the voluntariness of the plea. Consago did not move to withdraw his guilty plea in the district court, so he would have to establish plain error to have it overturned on appeal. *See United States v. Vonn*, 535 U.S. 55, 62–63 (2002); *United States v. Sura*, 511 F.3d 654, 658 (7th Cir. 2008). Counsel explains that Consago now says he "felt rushed into accepting the plea just before his trial was scheduled to commence." But the timing of Consago's guilty plea is irrelevant so long as it was knowing and voluntary. *See Wozny v. Grams*, 539 F.3d 605, 610 (7th Cir. 2008); *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007). Moreover, Consago assured the district judge that he and his lawyer had discussed his desire to plead guilty for a period long enough to reach an informed decision. We presume that Consago's statements given under oath during a plea colloquy are true, *see United States v. Redmond*, 667 F.3d 863, 870–71 (7th Cir. 2012); *United States v. Bowlin*, 534 F.3d 654, 660 (7th Cir. 2008), and counsel identifies no ground to rebut that presumption.

Counsel also discusses the adequacy of the plea colloquy, but concludes that a challenge to the voluntariness of Consago's plea would be frivolous because the minor errors committed by the district court could not have affected his substantial rights. *See United States v Griffin*, 521 F.3d 727, 730 (7th Cir. 2008). Counsel notes first that the district court neglected to advise Consago that he could be prosecuted for perjury if he lied under oath, *see* FED. R. CRIM. P. 11(b)(1)(A), but that omission could not have harmed Consago because no prosecution for perjury is pending or contemplated, *see United States v. Blalock*, 321 F.3d 686, 689 (7th Cir. 2003); *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Counsel also points out that the court did not remind Consago explicitly that he was waiving his trial rights by pleading guilty, *see* FED. R. CRIM. P. 11(b)(1)(F), yet the judge did explain those rights in detail and tell Consago that he could proceed to trial if he wanted to persist with his plea of not guilty, *see United States v. Maeder*, 326 F.3d 892, 893 (7th Cir. 2003). Counsel suggests too that the court should have explained the career-offender guideline more carefully and specifically discussed the sentencing factors in 18 U.S.C. § 3553(a). *See* FED. R. CRIM. P. 11(b)(1)(M). Consago has not said, though, that he was confused by the court's explanation of the guidelines or the process of selecting an appropriate sentence. Indeed the judge substantially complied with Rule 11(b)(1)(M) by

telling Consago that "sentencing in federal court begins with a calculation of your guidelines range" and advising him that she could not make any representations about the length of his sentence without first reviewing the information provided about him in a presentence investigation report.

Concerning Consago's guilty plea, counsel last considers whether the defendant could argue that his former attorney provided ineffective assistance by unilaterally rejecting a purported plea agreement offering a below-guidelines sentence. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). As the record is silent about this alleged offer, any claim of ineffective assistance must wait for collateral review. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Harris*, 394 F.3d 543, 557–58 (7th Cir. 2005).

Counsel next evaluates whether Consago could argue that the district court miscalculated his criminal history score by separately counting two of the robbery convictions he incurred in state court. Yet this contention necessarily would be frivolous because it made no difference whether points were assigned to one or two or all five of these convictions (all for armed robbery). Every career offender falls in Category VI, U.S.S.G. § 4B1.1(b); *United States v. Hible*, 700 F.3d 958, 960 (7th Cir. 2012), and two countable convictions for a crime of violence are enough for a defendant to be classified as a career offender, U.S.S.G. § 4B1.1(a); *United States v. Templeton*, 543 F.3d 378, 379 (7th Cir. 2008). Robbery is always a crime of violence, *United States v. Raupp*, 677 F.3d 756, 757 (7th Cir. 2012); *United States v. Lewis*, 405 F.3d 511, 514 (7th Cir. 2005), and Consago did not dispute that at least one of his convictions for bank robbery and another for armed robbery would incur criminal history points.

Counsel also discusses whether Consago could argue that the district court violated 18 U.S.C. § 3582(a) by imposing or lengthening his prison sentence so that he could receive mental-health treatment while incarcerated. *See Tapia v. United States*, 131 S. Ct. 2382, 2391 (2011); *United States v. Lucas*, 670 F.3d 784, 794–95 (7th Cir. 2012). But the judge did nothing wrong by noting the availability of treatment resources in prison in response to Consago's argument that his need for mental-health treatment warranted imposing a shorter sentence. *See Tapia*, 131 S. Ct. at 2392–93; *Lucas*, 670 F.3d at 795. Moreover, the transcript of the sentencing hearing makes clear that the judge did not impose or lengthen Consago's sentence to ensure that he would be eligible for any particular treatment program (in fact the judge expressed uncertainty about the treatment available at the facility where she recommended that Consago be designated). *See United States v. Receskey*, 699 F.3d 807, 811–12 (5th Cir. 2012); *United States v. Gilliard*, 671 F.3d 255, 260 (2d Cir. 2012). Instead the judge concluded that because of his history of recidivism, Consago needed to be incapacitated to protect the public from further violent crimes. *See* 18 U.S.C. § 3553(a)(1)(C).

Last, counsel considers whether Consago could challenge his prison sentence as unreasonable. But the term is within the guidelines range and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Barnes*, 660 F.3d 1000, 1010 (7th Cir. 2011); *United States v. Liddell*, 543 F.3d 877, 885 (7th Cir. 2008). Counsel has not identified any ground to rebut this presumption, nor can we.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.