# In the

# United States Court of Appeals

## For the Seventh Circuit

No. 08-2186

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

MICHAEL GIBBS,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 540—**Suzanne B. Conlon**, *Judge.*

ARGUED MARCH 30, 2009—DECIDED AUGUST 25, 2009

Before KANNE, WOOD and WILLIAMS, *Circuit Judges.*

WOOD, *Circuit Judge.* On February 22, 2007, Michael Gibbs made the mistake of selling crack cocaine to a witness cooperating with the federal government. A grand jury indicted Gibbs for distributing fifty or more grams of crack in violation of 21 U.S.C. § 841(a)(1), and Gibbs pleaded guilty. The district court sentenced Gibbs to ten years' imprisonment and ten years of supervised release. The court also ordered Gibbs, as a condition of

his supervised release, to repay the $1,400 used by the Government to buy the drugs. On appeal, Gibbs challenges only the supervised release term and the repayment condition. He argues that the district court erred by failing to calculate the advisory Guideline range and by imposing a repayment obligation without considering Gibbs's ability to pay. As we explain below, the latter argument is premature, but the former argument has merit. We therefore vacate the supervised release term of Gibbs's sentence and remand the case to the district court.

While the Sentencing Guidelines are advisory, the Supreme Court has stressed that district courts must treat the Guidelines as "the starting point and the initial benchmark." *Gall v. United States*, 128 S. Ct. 586, 597 (2007). A district court must "begin all sentencing proceedings by correctly calculating the applicable Guideline range"; failure to do so is a "significant procedural error." *Id.;* see also *United States v. McKinney*, 543 F.3d 911, 913 (7th Cir. 2008) (noting that, under *Gall*, this court must satisfy itself that the district court correctly calculated the advisory Guideline range). We review the procedures followed by the district court *de novo. United States v. Mendoza*, 510 F.3d 749, 754 (7th Cir. 2007).

Both parties agree that the correct advisory Guideline range for Gibbs's term of supervised release is five years. To forestall any possible objection, we explain how we calculated that range. Because Gibbs pleaded guilty to violating 21 U.S.C. § 841(a)(1), he faces a supervised release term subject to a statutory minimum of

five years and a statutory maximum of life. See § 841(b). For supervised release, the appropriate Guideline, U.S.S.G. § 5D1.2(a)(1), suggests a range of three to five years. When the question on the table relates to the imprisonment term, if the statutory minimum is higher than the Guideline range, the statutory minimum controls. See U.S.S.G. § 5G1.1(b), see, *e.g.*, *United States v. Poole*, 550 F.3d 676, 678 (7th Cir. 2008). The same principle applies to supervised release. In keeping with that idea, § 5D1.2(c) of the Guidelines provides that "[t]he term of supervised release imposed shall be not less than any statutorily required term of supervised release." Thus, the statutory minimum term of supervised release defines either the bottom limit of the advisory Guideline range or the entire range (if it coincides with the top of the Guidelines range). For Gibbs, because the Guidelines suggested three to five years but the statute requires five years, the advisory Guideline range becomes five years, period.

The problem we face is that the district court never acknowledged that the advisory range was five years. After imposing the incarceration sentence, it said: "The supervised release term is five years to life. I am imposing a period of 10 years supervised release." The court identified the statutory range, but as far as we can tell it never calculated the advisory Guideline range. The Government speculates that the district court knew that the Guideline range was five years, but it provides no evidence to support this assertion; at oral argument, the Government could not identify a single statement by the court reflecting its knowledge that the advisory range was five years. Nowhere in the record

does it even establish that the district court adopted the Guideline range in the presentencing report. Under the circumstances, we are unable to satisfy ourselves that the district court correctly calculated the advisory Guideline range. This procedural error entitles Gibbs to a redetermination of his supervised release term.

Gibbs also challenges the district court's order conditioning supervised release on Gibbs's repayment of $1,400 to the United States. A district court has the power to impose as a condition of supervised release "any other condition it considers appropriate." 18 U.S.C. § 3583(d). We have interpreted this power to authorize a condition requiring the repayment of buy money. *United States v. Daddato*, 996 F.2d 903, 904-05 (7th Cir. 1993). We acknowledge that other circuits disagree, but we decline to overrule our long-standing precedent. See *United States v. Cottman*, 142 F.3d 160, 169-70 (3d Cir. 1998); *United States v. Gibbens*, 25 F.3d 28, 36 n.9 (1st Cir. 1994). Gibbs asserts that the district court should have considered his ability to repay when imposing the condition, but we think that the district court appropriately deferred any such consideration until Gibbs's release from prison. Gibbs will have an opportunity to raise this issue after he serves his ten-year prison term.

\* \* \*

We VACATE the sentence of supervised release and REMAND this case for the limited purpose of redetermining the supervised release term.