**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 21, 2010
Decided November 22, 2010

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1509

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> *Plaintiff-Appellee,* <br><br>    *v.* <br><br> MICHAEL GIBBS, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 07 CR 540 <br><br> Suzanne B. Conlon, *Judge*. |

**O R D E R**

Michael Gibbs was charged and convicted for distributing at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), and was sentenced to 10 years' imprisonment and 10 years of supervised release. On his first appeal, he argued that the district court erred by failing to calculate the advisory range for his term of supervised release, and that it should not have imposed a duty to repay the $1,400 that the government used to purchase drugs from him.

We found the latter argument premature, but we agreed with Gibbs's position on the former, noting that the correct advisory range for his supervised release was exactly five years. *United States v. Gibbs*, 578 F.3d 694, 695-96 (7th Cir. 2009); see also U.S.S.G. §§ 5D1.2(a)(1), 5G1.1(b); 21 U.S.C. § 841(b). We concluded our opinion with the following statement: "We VACATE the sentence of supervised release and REMAND this case for the limited purpose of redetermining the supervised release term." *Gibbs*, 578 F.3d at 696.

Back in the district court, Gibbs promptly argued that he was entitled to a full re-sentencing hearing, which would cover both his prison sentence and his period of supervised release. Gibbs wanted such a hearing so that he could try to persuade the court that it should apply either a 1:1 or a 20:1 ratio between crack and powder cocaine in determining his sentence of imprisonment. In the initial sentencing hearing, the district court had concluded that he was responsible for distributing 61.7 grams of crack, and that this amount triggered a statutory minimum sentence of 120 months. That was the prison sentence the court selected, along with a ten-year term of supervised release (imposed, as we noted in our previous opinion, without any mention of the term that the guidelines advised).

The district court rejected Gibbs's bid for an entirely new look at his sentence, with the following observations:

> The Seventh Circuit's remand order is explicit: the remand is *only* to redetermine the supervised release term. . . . This court lacks a jurisdictional basis to revisit Gibbs' prison sentence. *See United States v. Goode*, 342 F.3d 741, 743 (7th Cir. 2003) (discussing district court's limited power to resentence). The disparity argument is without merit. Gibbs received a 10-year prison sentence – the statutory minimum. 21 U.S.C. § 841(b)(1). Statutory minimum and maximum sentences may not be disregarded. *United States v. Clark*, 538 F.3d 803, 809-10 (7th Cir. 2008). Even if his argument had merit, the means to challenge ineffectiveness of counsel is a motion under 28 U.S.C. § 2255. *United States v. Harris*, 567 F.3d 846, 852 (7th Cir. 2009). The remand is limited to redetermining Gibbs' supervised release term.

The district court concluded by granting Gibbs's unopposed request to reduce his supervised release term from 10 years to five years.

Gibbs appealed from the revised order, raising before us the argument that he should have received a full resentencing. But, as the government points out, our earlier opinion could not have been more clear. We remanded for the limited purpose of having the district court

reconsider the term of supervised release in light of the five-year term recommended by the Sentencing Guidelines. That is what the district court did, and Gibbs benefitted significantly: he now faces only five years' supervised release, in place of the 10 imposed originally. (It is worth noting that the statute would have permitted the district court to re-impose the 10-year term, as it authorizes any number of years above five. See 21 U.S.C. § 841(b).) As we pointed out in *United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996):

> If the opinion identifies a discrete, particular error that can be corrected on remand without the need for a redetermination of other issues, the district court is limited to correcting that error. A party cannot use the accident of a remand to raise in a second appeal an issue that he could just as well have raised in the first appeal because the remand did not affect it.

The principle we described in *Parker* governs here. Nothing prevented Gibbs from complaining about the district court's use of the 100:1 ratio between crack and powder cocaine at the time of his original sentencing. Gibbs's original sentencing hearing took place on May 2, 2008, long after the Supreme Court decided in *Kimbrough v. United States*, 552 U.S. 85 (2007), that the district courts have the right to deviate from the (former) 100:1 ratio. Gibbs's real problem stems from the fact – acknowledged by the district court on remand – that at the time he was sentenced there was a *statutory* minimum of 10 years for persons convicted of distributing 50 grams or more of crack. See 21 U.S.C. § 841(b)(1)(A) (2008). (While the Fair Sentencing Act of 2010, signed into law in August 2010, increased the drug quantity that triggers the 10-year mandatory minimum from 50 to 280 grams, compare 21 U.S.C. § 841(b)(1)(A)(iii) (2008), with 21 U.S.C. § 841(b)(1)(A)(iii) (2010), these changes do not apply to Gibbs's case, see *United States v. Bell*, 2010 WL 4103700, at *10 (7th Cir. Oct. 20, 2010).)

The district court thus correctly recognized that Gibbs's request for full resentencing was doomed both because of the scope of our mandate and because, apart from the adjustment of the supervised release term to five years, the district court was not authorized to impose any lesser sentence. The judgment of the district court is thus AFFIRMED.