NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 16, 2010
Decided January 5, 2011

**Before**

JOHN L. COFFEY, *Circuit Judge*

JOEL M. FLAUM, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 10-1690

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 09 CR 232 |
| DETRICA M. JACKSON, *Defendant-Appellant*. | Rudolph T. Randa, *Judge*. |

**O R D E R**

Detrica Jackson pleaded guilty to conspiring to make unauthorized use of a credit card to obtain hotel accommodations and services exceeding $1,000 in value. *See* 18 U.S.C. §§ 371, 1029(a). Accepting the parties' stipulation that Jackson's base offense level was six under the sentencing guidelines, the district court sentenced Jackson to six months' imprisonment and three years' supervised release. Jackson's appellate counsel has filed a motion to withdraw under *Anders v. California*, 386 U.S. 738 (1967), contending that any challenge to Jackson's conviction or the reasonableness of her sentence would be frivolous. Jackson has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). We limit our review to the potential issues identified in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973-74 (7th Cir. 2002).

Because Jackson does not challenge her conviction or seek to withdraw her guilty plea, counsel correctly forgoes discussion of challenges to the voluntariness of the plea or adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel does consider, however, whether Jackson could challenge two errors (one factual and one procedural) committed at sentencing. Jackson did not object to either error at sentencing, so we would review for plain error, *United States v. Parker*, 508 F.3d 434, 439-40 (7th Cir. 2007), meaning that she would have to demonstrate among other things that the errors affected her substantial rights. *See United States v. Olamo*, 507 U.S. 725, 734-36 (1993). First, in assessing the factors set forth in 18 U.S.C. § 3553(a), the district court incorrectly stated that Jackson lived with the father of her three youngest children; in fact, she testified at the sentencing hearing to being a single parent. (Sent. Tr. at 15, PSR at ¶ 49). But the court's factual error did not affect Jackson's substantial rights because it was regarded a "positive factor" at sentencing, and thus did not make Jackson worse off. *See United States v. Lee*, 399 F.3d 864, 866 (7th Cir. 2005).

Second, the district court did not announce the applicable guidelines range for supervised release before sentencing Jackson. We have "implore[d]" district courts to announce the suggested guidelines terms of supervised release at the outset of their § 3553(a) analysis to ensure that the guidelines have been properly considered and calculated. *See United States v. Anderson*, 604 F.3d 997, 1003-04 (7th Cir. 2010); *United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009). But the district court's omission here did not affect Jackson's substantial rights because the court imposed a supervised-release term within the statutory and properly-calculated guideline ranges. *See* 18 U.S.C. § 3583(b)(2); U.S.S.G. §§ 5D1.1(a), 5D1.2(a)(2); *Anderson*, 604 F.3d at 1003-04. Because Jackson's substantial rights were unaffected, we would not find plain error.

Counsel finally considers challenging Jackson's sentence as unreasonable. We have held, however, that "[i]t is hard to conceive of below-range sentences that would be unreasonably high." *United States v. Wallace*, 531 F.3d 504, 507 (7th Cir. 2008); *United States v. George*, 403 F.3d 470, 473 (7th Cir. 2005). The district court accepted a stipulation entered into by the parties (to prevent a disparity with the sentences of Jackson's coconspirators) reducing Jackson's offense level to 6 from 12—the level set in the presentence investigation report by the probation officer by applying U.S.S.G. § 2B1.1(b)(10). Jackson's 6-month sentence was below the 10-16 month range that would have applied had an offense level of 12 been used. The court here adequately explained its choice of sentence by referring generally to the factors set out in 18 U.S.C. § 3553(a). A challenge to the reasonableness of the term would thus be frivolous.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.