EASTERBROOK, Chief Judge.
Anthony Raupp pleaded guilty to possessing a firearm despite his status as a felon. 18 U.S.C. § 922(g)(1). The district court added two offense levels under the Sentencing Guidelines after concluding that Raupp has at least two other convictions for crimes of violence. U.S.S.G. § 2K2.1(a)(2). Application Note 1 to § 2K2.1 says that “crime of violence” has the same meaning there as it does in the career-offender Guideline, U.S.S.G. § 4B1.1, and the definitional provisions of § 4B1.2 and its Application Note 1. This appeal, from the sentence of 100 months’ imprisonment, presents a single question: Whether a conspiracy to commit robbery is a “crime of violence” under the Guidelines.
Robbery in Indiana is a “crime of violence” under the Guidelines and a “violent felony” under the Armed Career Criminal Act, 18 U.S.C. § 924(e). See United States v. Lewis, 405 F.3d 511, 514 (7th Cir.2005). Raupp was convicted under Ind.Code § 35-41-5-2 of conspiring to violate Ind.Code § 35-42-5-1, Indiana’s robbery statute. Application Note 1 to § 4B1.2 tells us that an inchoate offense such as conspiracy is a “crime of violence” when the underlying crime is one. This note reads: “ ‘Crime of violence’ and ‘controlled substance offense’ include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.” That disposes of this appeal, as far as the Sentencing Commission is concerned.
Raupp asks us to ignore the application note. He contends that it has been superseded by Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008), and later decisions. Begay held that the Armed Career Criminal Act treats as a “violent felony” only an offense in which violence is an element, see § 924(e)(2)(B)®, or is similar to the introductory list in subsection (B)(ii) in the sense that the activity not only creates risks of injury but also is purposeful, violent, and aggressive conduct. 553 U.S. at 144-45, 128 S.Ct. 1581. There’s nothing violent about conspiracy, Raupp insists; a conspiracy is an agreement, an exchange of words rather than an aggressive deed. Although James v. United States, 550 U.S. 192, 127 S.Ct. 1586, 167 L.Ed.2d 532 (2007), holds that attempted burglary is a violent felony under the Act, Raupp contends that we should not infer from James that all inchoate crimes can be classified *758 the same way. Conviction for attempt usually requires proof of a substantial step toward the completed crime, while conviction for conspiracy does not. Some conspiracy statutes don’t require proof of an overt act, see United States v. Shabani, 513 U.S. 10, 115 S.Ct. 382, 130 L.Ed.2d 225 (1994), and those that do could be satisfied by peaceable steps, such as casing the joint in advance of a robbery.
Begay and its successors interpret a statute, not the Guidelines. The final step in Raupp’s argument is the proposition that the statute and § 4B1.2 must be understood identically. We have held that, when the Guidelines and the Armed Career Criminal Act use the same language, they receive the same interpretation. See, e.g., United States v. Woods, 576 F.3d 400, 403-04 (7th Cir.2009); United States v. Templeton, 543 F.3d 378, 380 (7th Cir.2008). The definition of “crime of violence” in U.S.S.G. § 4B1.2(a) is materially the same as the definition in § 924(e)(2)(B). It follows, Raupp contends, that Indiana’s crime of conspiracy to commit robbery is not a “crime of violence” under the Guidelines. If that’s right, then Raupp’s correct sentencing range is lower than the one the district court calculated, and he would be entitled to a remand for resentencing.
The United States contends that conspiracy should be treated like attempt (and for that matter aiding and abetting) under both the statute and the Guidelines. We need not decide whether that is so. James reserved the question whether a particular inchoate offense may be so far distant from the completed crime that it should not be treated as a “violent felony” under the statute. 550 U.S. at 205-06, 127 S.Ct. 1586. But Raupp was not convicted under § 924(e) of being an armed career criminal. He was convicted of unlawfully possessing one firearm and sentenced under the Guidelines. That makes a difference.
Woods and Templeton hold that identical language implies identical interpretation, but the Guidelines contain some language that is not in the statute. The application note about the treatment of inchoate offenses is unique to the Guidelines. Section 924(e)(2)(B) of the statute corresponds to § 4B1.2(a); everything else in the Guidelines and the accompanying notes must be taken into account, not ignored. If the Sentencing Commission wants to have a list of qualifying offenses that differs from the one in the statute (as Begay reads § 924(e)), there’s no reason why the judges should say nay. The Commission could have put the language of the note in § 4B1.2(a) as a new paragraph, and then Raupp’s argument would be sunk. Likewise the Commission could have added offense levels for anyone whose record includes a conviction of conspiracy to commit robbery, whether or not that conviction is classified as a “crime of violence.” Why should it matter that the Commission achieved the same end by using a note to elaborate on the meaning of “crime of violence”?
Decisions such as Auer v. Robbins, 519 U.S. 452, 461-63, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997), and Homemakers North Shore, Inc. v. Bowen, 832 F.2d 408 (7th Cir.1987), tell us that, when an agency interprets one of its own regulations, the agency’s understanding prevails unless it contradicts the text of the regulation. The Sentencing Commission’s application notes carry the same force,
the commentary [should] be treated as an agency’s interpretation of its own legislative rule. The Sentencing Commission promulgates the guidelines by virtue of an express congressional delegation of authority for rulemaking, and through the informal rulemaking proee *759 dures in 5 U.S.C. § 553, see 28 U.S.C. § 994(x). Thus, the guidelines are the equivalent of legislative rules adopted by federal agencies. The functional purpose of commentary (of the kind at issue here) is to assist in the interpretation and application of those rules, which are within the Commission’s particular area of concern and expertise and which the Commission itself has the first responsibility to formulate and announce. In these respects this type of commentary is akin to an agency’s interpretation of its own legislative rules. As we have often stated, provided an agency’s interpretation of its own regulations does not violate the Constitution or a federal statute, it must be given “controlling weight unless it is plainly erroneous or inconsistent with the regulation.”
Stinson v. United States, 508 U.S. 36, 44-45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (most internal citations omitted without indication). Thus the Supreme Court treats application notes as authoritative glosses on the Guidelines, unless the notes conflict with the text. See, e.g., Melendez v. United States, 518 U.S. 120, 116 S.Ct. 2057, 135 L.Ed.2d 427 (1996). See also, e.g., United States v. Vizcarra, 668 F.3d 516, 520 (7th Cir.2012); United States v. Hill, 645 F.3d 900, 907-08 (7th Cir.2011).
The first application note to § 4B1.2 tells us that the Sentencing Commission deems inchoate and completed offenses to be the same for the purpose of identifying crimes of violence. Is this note inconsistent with anything in the text of a Guideline? Begay and similar decisions do not concern any Guideline, so they do not address that subject; they have nothing to say about the effect of language that differentiates the Guidelines from the Armed Career Criminal Act. Accord, United States v. Martinez, 602 F.3d 1166, 1173-75 (10th Cir.2010) (considering, and rejecting, the argument that Begay nullifies the first application note to § 4B1.2; also rejecting an argument that the application note conflicts with the text of the Guideline).
Forget Begay and ask directly whether the note conflicts with the Guideline. Here is § 4B1.2(a):
The term “crime of violence” means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
And here is the note:
“Crime of violence” and “controlled substance offense” include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.
There cannot be a conflict because the text of § 4B1.2(a) does not tell us, one way or another, whether inchoate offenses are included or excluded. The note says they are included.
James puts to rest any doubt about whether answering the question “are inchoate offenses included?” conflicts with the text. The Supreme Court held in James that attempted burglary (an inchoate offense) is a “violent felony” for the purpose of § 924(e)(2)(B)(ii). As we related above, James does not tell us whether conspiracy to commit a violent felony is treated as a violent felony. But James does show that there is no conflict between the text of § 924(e)(2)(B)(ii), or § 4B1.2(a), and a rule treating an inchoate offense the same as the substantive offense. If treating substantive and inchoate offenses alike *760 created a conflict, then James would have come out the other way. Instead it grouped attempt with the substantive crime — and it found support in the Sentencing Commission’s note to § 4B1.2, quoting with approval, 550 U.S. at 206, 127 S.Ct. 1586, the very language equating attempts and conspiracies that Raupp wants us to ignore. See also Kawashima v. Holder, — U.S. -, 132 S.Ct. 1166, 1172-73, 182 L.Ed.2d 1 (2012) (treating the offense of aiding and abetting a violation of tax laws as having the same attributes as the underlying substantive offense).
Whether conspiracy should be treated the same way as attempt cannot be resolved by the rule that the Commission must not use notes to contradict the Guidelines’ text. Instead the question “should conspiracy and attempt be treated the same?” concerns wise policy. Perhaps, as Raupp contends, attempts are more dangerous than conspiracies, because of the substantial-step element of attempt crimes. Perhaps one could say, to the contrary, that the conspiracies are more dangerous than attempts, because conspiracies always involve multiple actors, and criminal gangs are more likely to succeed than lone criminals are. See United States v. Manzella, 791 F.2d 1263, 1265 (7th Cir.1986). Deciding how to handle conspiracy is a question about wise policy, not about textual conflict.
Raupp may be assuming that § 4B1.1 and § 4B1.2 implement § 924(e). If that were so, then our interpretation of the Guidelines would be required to mirror § 924(e) as interpreted in Begay (and James). But the career-offender Guidelines don’t depend on § 924(e). Instead they implement 28 U.S.C. § 994(h), which requires the Commission to establish guidelines that specify a range near the statutory maximum for career criminals. Section 994(h) defines a career criminal as a person 18 or over who commits a “crime of violence” or a specified drug offense, and who also has two or more prior felony convictions for a “crime of violence” or a drug felony. Congress left “crime of violence” in § 994(h) undefined, though it did furnish a list of qualifying drug offenses. Section 994(h) does not cross-reference § 924(e). Nor does either § 924(e) or § 994(h) tell the Sentencing Commission how to deal with enhancements for felons who later possess guns, the subject of § 2K2.1.
Thus the Commission is free to go its own way; it can classify as “crimes of violence” offenses that are not “violent felonies” under § 924(e). It can’t do this by application notes that contradict the text of the Guideline, but what the first note to § 4B1.2 does is address a question — the treatment of inchoate offenses — left open by the text of § 4B1.2, as it is also left open by the text of § 924(e) and the holding of James.
Section 924(e) uses the definition of “violent felony” to set 15-year minimum sentences. The Sentencing Commission does not prescribe such a stern and inflexible outcome by defining “crime of violence.” Both § 4B1.1 and § 2K2.1(a)(2) raise the offense level without setting a mandatory minimum. They are just Guidelines, so the judge is free to impose a sentence outside the Commission’s preferred range after evaluating each defendant’s arguments. See United States v. Comer, 598 F.3d 411 (7th Cir.2010) (en banc). Raupp was free to contend that a conviction for conspiracy to commit robbery does not imply the same level of dangerousness as a conviction for robbery, and to seek a lower sentence on that account. But he does not assert that the district judge misunderstood the extent of her discretion or exercised it unreasonably. His sole contention is that district judges must ignore the first *761 application note to § 4B1.2, and that contention does not carry the day.
Affirmed