In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1731

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

DARRYL ROLLINS,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 10-CR-186 — **Rudolph T. Randa**, *Judge*.

ARGUED JANUARY 21, 2014 — DECIDED SEPTEMBER 1, 2015

Before KANNE and SYKES, *Circuit Judges,* and GILBERT,
*District Judge*.[*]

SYKES, *Circuit Judge*. Darryl Rollins pleaded guilty to selling
crack cocaine and was sentenced to 84 months in prison and

---

[*] Of the Southern District of Illinois, sitting by designation.

four years of supervised release. He challenges his sentence on two grounds. First, he argues that the district judge improperly classified him as a career offender under the Sentencing Guidelines based in part on a prior conviction for unlawful possession of a short-barreled shotgun, which he contends is not a crime of violence under the "residual clause" of the career-offender guideline, U.S.S.G. § 4B1.2(a)(2). Second, he argues that the judge incorrectly calculated the recommended term of supervised release under the Guidelines. Neither claim was preserved below, so our review is for plain error only.

The Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), has introduced a potential complication. *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is so hopelessly vague that an increased sentence under the clause violates the defendant's right to due process. *Johnson*, 135 S. Ct. at 2563. The residual clause in the career-offender guideline is materially identical to the residual clause in the ACCA, so we held this case to await *Johnson* and ordered supplemental briefing after the Court issued its opinion. Those briefs are now in.

The parties agree that under existing circuit precedent— notably, *United States v. Tichenor*, 683 F.3d 358 (7th Cir. 2012)— *Johnson* does not affect this case. *Tichenor* holds that the Guidelines cannot be challenged as unconstitutionally vague. *Id.* at 364–65. Rollins has not asked us to reconsider *Tichenor* in light of *Johnson*, so we leave that question for another day. We note, however, that the U.S. Sentencing Commission has begun the process of amending the career-offender guideline to delete

the residual clause, bringing the Guidelines into alignment with *Johnson*.

In the meantime, taking this case as it originally came to us, Rollins's challenge to the application of the career-offender guideline fails on plain-error review. The application notes to § 4B1.2 specifically list possession of a sawed-off shotgun as a qualifying crime of violence. Under both Supreme Court and circuit precedent, the Sentencing Commission's application notes are authoritative interpretations of the Guidelines and receive broad deference. *Stinson v. United States*, 508 U.S. 36, 44–45 (1993); *United States v. Raupp*, 677 F.3d 756, 760–61 (7th Cir. 2012). Although we've held that possession of a short-barreled shotgun is not a predicate felony under the residual clause of the ACCA, *see United States v. Miller*, 721 F.3d 435, 437 (7th Cir. 2013), the Sentencing Commission "is free to go its own way" and classify the same offense as a crime of violence for purposes of the career-offender guideline, *Raupp*, 677 F.3d at 760.

On Rollins's second claim of error, the government agrees that the district judge was likely unaware of a change in the recommended term of supervised release brought about by the Fair Sentencing Act of 2010. On this limited issue only, we vacate Rollins's sentence and remand for redetermination of the term of supervised release.

## I. Background

On four separate occasions in 2009 and early 2010, Rollins sold crack cocaine to confidential informants. These sales led

to his indictment on four counts of illegal distribution of a controlled substance. *See* 21 U.S.C. § 841(a)(1). The government sought a statutory sentencing enhancement, *see id.* § 851, based on Rollins's 2005 Wisconsin felony conviction for possession of marijuana with intent to distribute.

Rollins pleaded guilty pursuant to a plea agreement to two counts in the indictment (based on sales in May 2009 and January 2010) and conceded for purposes of sentencing that he sold between 196 and 280 grams of crack cocaine. In exchange the government dropped the other two counts and withdrew its request for the § 851 sentencing enhancement. The probation office calculated an advisory guidelines sentencing range of 188–235 months based on an offense level of 31 and a criminal history category of VI.

To reach offense level 31, the probation office began by classifying Rollins as a career offender, which gave him an initial score of 34, *see* U.S.S.G. § 4B1.1(b)(3), then deducted three points for acceptance of responsibility, *see id.* § 3E1.1. The career-offender guideline applies if the defendant has two or more prior convictions for a felony controlled-substance offense or a "crime of violence." *Id.* § 4B1.1(a). Rollins's Wisconsin felony drug conviction clearly counted as one predicate for career-offender status. The second—the one at issue here—is a 1996 Wisconsin conviction for possession of an unregistered short-barreled shotgun. *See* WIS. STAT. § 941.28. Though it looms large on appeal, at sentencing Rollins did not object to counting this conviction toward the two necessary for the career-offender guideline. The district court accepted the probation office's calculations.

Rollins originally faced a mandatory minium sentence of five years in prison and a possible maximum of 40 years. That statutory range was reduced to no minimum and a maximum of 20 years by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, which under *Dorsey v. United States*, 132 S. Ct. 2321 (2012), applies retroactively. The Fair Sentencing Act also reduced Rollins's statutory minimum term of supervised release from four years to three years; the government alerted the district judge to this change. The maximum term of supervised release was life. *See* 21 U.S.C. § 841(b)(1)(C).

By reducing the maximum prison term, the Fair Sentencing Act also mitigated the advisory imprisonment range under the Guidelines. Rollins's total offense level dropped from 31 to 29, which reduced the recommended range to 151–188 months. At sentencing the parties agreed on this range. (Without the career-offender designation, Rollins's offense level would have been 27, reducing the range to 130–162 months.) Regarding supervised release, although the government had alerted the court to the reduction in the statutory minimum in light of the Fair Sentencing Act, no one told the judge that the recommended term under the Guidelines was now three years rather than four to five years.[1]

The government recommended a below-guidelines sentence of 87 months in prison based on Rollins's substantial assistance, *see* U.S.S.G. § 5K1.1, and in recognition of the

---

[1] This change occurred because the lower maximum penalty shifted Rollins's offenses from Class B to Class C felonies.

18 months he had spent in state custody. Rollins argued for a 57-month sentence. The judge imposed a sentence of 84 months in prison and four years of supervised release.

## II. Discussion

On appeal Rollins makes two claims of sentencing error. He argues that (1) the judge improperly applied the career-offender guideline based in part on his conviction for possession of a short-barreled shotgun; and (2) the judge misapprehended the effect of the Fair Sentencing Act on the recommended term of supervised release under the Guidelines.

Both arguments raise questions of law, which we review de novo. *See United States v. Womack*, 610 F.3d 427, 430 (7th Cir. 2010) (career-offender enhancement); *United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009) (procedural error in calculating guidelines range). But neither claim was preserved below. Rollins's forfeiture limits the scope of our review to plain error. Under this standard, we will reverse only if we find "(1) an error or defect (2) that is clear or obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Goodwin*, 717 F.3d 511, 518 (7th Cir. 2013) (quoting *United States v. Anderson*, 604 F.3d 997, 1001 (7th Cir. 2010)).

## A. Career-Offender Guideline

Rollins first challenges the district court's application of the career-offender guideline, § 4B1.1, which triggered a higher offense level and thus a higher advisory sentencing range under the Guidelines. The career-offender guideline applies if the defendant has committed a felony drug offense or crime of violence and has two or more prior convictions for a felony drug offense or crime of violence.

Rollins pleaded guilty to two of the four felony drug counts in the indictment, and he concedes that his prior Wisconsin drug conviction counts as one predicate for purposes of § 4B1.1. The probation office recommended, and the district court agreed, that his conviction for possession of a short-barreled shotgun counts as a second predicate. Rollins did not object to the application of the career-offender guideline. He now reverses course and argues that his conviction for possession of a short-barreled shotgun is not a crime of violence under § 4B1.2(a)(2).

Under the career-offender guideline, the term "crime of violence" means

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that--
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> >
> > (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or other-*

*wise involves conduct that presents a serious*
*potential risk of physical injury to another.*

§ 4B1.2(a) (emphasis added). The highlighted language is known as the "residual clause." Rollins's conviction for possession of a short-barreled shotgun qualifies, if at all, only under this provision.

The residual clause in § 4B1.2(a)(2) mirrors the residual clause in § 924(e)(2)(B), which defines the term "violent felony" for purposes of the ACCA's increased minimum and maximum sentences for certain firearms offenses. The ACCA applies if the defendant has three or more prior convictions for a "serious drug offense" or a "violent felony." *See* 18 U.S.C. § 924(e)(1) (increasing the minimum term from 5 to 15 years and the maximum to life). The residual clause of the violent-felony definition in the ACCA lists the crimes of burglary, arson, extortion, and the use of explosives, and then sweeps in any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." § 924(e)(2)(B)(ii).

In *Miller* we held that possession of a short-barreled shotgun does not present a serious potential risk of physical injury to another and therefore is not a violent felony under the residual clause of the ACCA. 721 F.3d at 440–44 (overruling *United States v. Upton*, 512 F.3d 394 (7th Cir. 2008)). Because the residual clause in the career-offender guideline is phrased in precisely the same way, Rollins argues for the same result here.

That makes sense as a matter of language and logic. But an application note to the career-offender guideline specifically classifies this offense as a crime of violence: "Unlawfully

possessing a firearm described in 26 U.S.C. § 5845(a) (*e.g.*, a sawed-off shotgun or sawed-off rifle, silencer, bomb, or machine gun) is a 'crime of violence.'" U.S.S.G. § 4B1.2 cmt. n.1. The Sentencing Commission's application notes are "treated as an agency's interpretation of its own legislative rule[s]." *Stinson*, 508 U.S. at 44. *Stinson* holds that an application note must be given "controlling weight" unless it violates the Constitution or a federal statute, or is plainly erroneous or contradicts the text of the guideline itself. *Id*. at 45.

Rollins maintains that the application note *necessarily* conflicts with the career-offender guideline based on our holding in *Miller*, which interpreted the identical residual-clause language of the ACCA.[2] This argument is foreclosed by *Raupp*.

*Raupp* raised the question whether the inchoate crime of conspiracy to commit robbery is a crime of violence under the residual clause of the career-offender guideline. As in this case, an application note to § 4B1.2 specifically answered the disputed question in the affirmative: A "[c]rime of violence … include[s] the offenses of aiding and abetting, *conspiring*, and attempting to commit such offenses." § 4B1.2 cmt. n.1 (emphasis added). To avoid the dispositive effect of the application note, Raupp argued that recent Supreme Court decisions interpreting § 924(e)(2)(B)(ii) (the residual clause of the

---

[2] *Miller* did not involve a challenge to the career-offender guideline; our opinion noted but specifically reserved judgment on the question presented here. *United States v. Miller*, 721 F.3d 435, 442 (7th Cir. 2013) (noting that the application notes to the career-offender guideline list possession of a sawed-off shotgun as a qualifying crime of violence).

ACCA)—most notably, *Begay v. United States*, 553 U.S. 137 (2008)—had "superseded" the note. *Raupp*, 677 F.3d at 757.

We rejected that argument. Citing *Stinson*, we explained that "the Supreme Court treats application notes as authoritative glosses on the Guidelines, unless the notes conflict with the text." *Id.* at 759. We continued: "[T]he text of § 4B1.2(a) does not tell us, one way or another, whether inchoate offenses are included or excluded [as crimes of violence]. The note says they are included." *Id.* We then identified the key flaw in Raupp's argument:

> Raupp may be assuming that § 4B1.1 and § 4B1.2 [the career-offender guidelines] implement § 924(e) [the ACCA]. If that were so, then our interpretation of the Guidelines would be required to mirror § 924(e) as interpreted in *Begay* … . But the career-offender Guidelines don't depend on § 924(e).

*Id.* at 760. Our opinion in *Raupp* continued with the following observation:

> Thus the [Sentencing] Commission is free to go its own way; it can classify as "crimes of violence " offenses that are not "violent felonies" under § 924(e). It can't do this by application notes that contradict the text of the Guideline, but what the first note to § 4B1.2 does is address a question—the treatment of inchoate offenses— left open by the text of § 4B1.2, as it is also left open by the text of § 924(e) … .

*Id.*

In other words, "[i]f the Sentencing Commission wants to have a list of [career-offender] qualifying offenses that differs from the one in [the ACCA] … , there's no reason why the judges should say nay." *Id.* at 758. Because the text of § 4B1.2 neither *included* nor *excluded* inchoate crimes, we held that the application note did not plainly contradict the career-offender guideline and was entitled to controlling weight under *Stinson*, whatever else might be said about inchoate crimes under § 924(e).[3] *Id.*

This case is indistinguishable from *Raupp*. To avoid the application note, Rollins must show that it plainly contradicts the text of § 4B1.2(a)(2). He relies solely on the conflict between the note and our decision in *Miller*, which interpreted the residual clause of the ACCA and held that possession of a short-barreled shotgun is not a violent felony. As we said in *Raupp*, however, the Sentencing Commission is "free to go its own way" when interpreting the career-offender guideline; judicial interpretations of the ACCA do not tie its hands. *Id.* at 760.

---

[3] Other circuits have similarly deferred to the Sentencing Commission's authority to interpret the career-offender guideline via application notes that depart from judicial interpretations of the ACCA. *See, e.g., United States v. Hall*, 714 F.3d 1270, 1274 (11th Cir. 2013); *United States v. Hood*, 628 F.3d 669 (4th Cir. 2010); *United States v. Lipscomb*, 619 F.3d 474, 477–78 (5th Cir. 2010); *United States v. Hawkins*, 554 F.3d 615 (6th Cir. 2009); *United States v. Ankeny*, 502 F.3d 829, 840–41 (9th Cir. 2007).

Independently of *Raupp*, *Stinson* holds as a general matter that the Sentencing Commission's application notes are entitled to wide deference as the agency's authoritative interpretation of the Guidelines. This is where the plain-error standard of review returns to the fore and becomes dispositive. In light of *Stinson* and our own precedent in *Raupp*, Rollins hasn't established that the district court committed "plain"—i.e., "clear" or "obvious"—error under current law. *United States v. Olano*, 507 U.S. 725, 734 (1993); *United States v. Natale*, 719 F.3d 719, 731 (7th Cir. 2013); *United States v. Williams*, 552 F.3d 592, 593 (7th Cir. 2009); *see also Henderson v. United States*, 133 S. Ct. 1121, 1126–31 (2013) (clarifying that the issue must be clear at the time of appeal). Under existing law the application note controls, and Rollins was properly sentenced as a career offender.

Before moving on, we have a brief comment about *Johnson*, the Supreme Court's recent decision invalidating the ACCA's residual clause on vagueness grounds. 135 S. Ct. at 2562–63. As we've explained, because the residual clauses in the ACCA and the career-offender guideline are the same, we held this case to await the Court's decision in *Johnson* and ordered supplemental briefing to address the effect of that decision on the outcome here. In their supplemental briefs, the parties agree that under existing circuit precedent—most recently, *Tichenor*, 683 F.3d at 363–67—*Johnson* does not affect this case. *Tichenor* holds as a categorical matter that "the Guidelines are not susceptible to attack under the vagueness doctrine." 683 F.3d at 364 (quoting *United States v. Brierton*, 165 F.3d 1133, 1139 (7th Cir. 1999)).

Rollins has not asked us to revisit *Tichenor* in light of *Johnson*. Accordingly, we do not address *Johnson*'s effect on the career-offender guideline; that question remains open in this circuit. *See Ramirez v. United States*, No. 13-3889, 2015 WL 5011965, at \*9 (Aug. 25, 2015) ("We leave any issue about the effect of *Johnson* on the Guidelines for another day."). We note, however, that the Sentencing Commission has recently published for comment a proposed amendment deleting the residual clause of the career-offender guideline in light of *Johnson*. *See* U.S. Sentencing Commission News Release (Aug. 7, 2015), "U.S. Sentencing Commission Seeks Comment on Revisions to Definition of Crime of Violence," http://www.ussc.gov/sites/default/files/pdf/news/press-releases-and-news-advisories/press-releases/20150807_Press_Release.pdf.

## B. Term of Supervised Release

The Fair Sentencing Act reduced Rollins's maximum penalty to 20 years, a Class C felony. Because the Act reclassified Rollins's offenses from Class B felonies to Class C felonies, the term of supervised release recommended by the Guidelines also dropped to three years (from a range of four to five years). *See* U.S.S.G. § 5D1.2(a)(2).[4]

---

[4] Section 5D1.2(a)(2) recommends one to three years of supervised release for a person convicted of a Class C or D felony. The Guidelines elsewhere explain, however, that a term of supervised release may not be less than any statutory minimum, U.S.S.G. § 5D1.2(c), and the statutory minimum for

(continued...)

The judge imposed a four-year term of supervised release. The parties agree that although the judge had been alerted to the reduction in the *statutory minimum term* of supervised release occasioned by the Fair Sentencing Act, he was probably unaware that the range recommended by *the Guidelines* also had been reduced. We agree that a remand is appropriate limited only to this issue.

Knowing that the Guidelines recommend three years of supervised release (not a range of four to five years), the judge may wish to redetermine Rollins's term of supervised release. *See United States v. Gibbs*, 578 F.3d 694, 695 (7th Cir. 2009). We take no position on that discretionary judgment. We vacate the sentence and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

---

[4] (...continued)
Rollins's crimes is three years, 21 U.S.C. § 841(b)(1)(C).